UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS ADAMSON, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>PIERCE COUNTY, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:21-cv-05592-DGE<br><br>ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO COMPEL DISCOVERY |

　　　　This matter came before the Court on the parties' discovery motions. (Dkt. Nos. 12, 19.) Defendants sought a protective order to stay discovery until the issues of immunity were resolved. (Dkt. No. 12.) Plaintiffs moved to compel Defendants to respond to discovery requests (Dkt. No. 19), arguing that Defendants' pending motions to dismiss and stay discovery did not justify their failure to respond. The pending motion to dismiss that was the subject of Defendants' motion for a protective order has now been decided. (Dkt. No. 24.) The Court granted in part and denied in part Defendants' motion to dismiss; thus, Plaintiffs must revise their written discovery requests accordingly. As a result, both Defendants' motion for a

protective order and Plaintiffs' motion to compel are now moot.  Accordingly, the Court denies both motions.

In its response, Plaintiffs sought an award of $2,500 in attorneys' fees and costs and argued that Defendants' request for a stay was made in bad faith.  (Dkt. No. 15 at 8.)  Parties may seek an award of expenses based on a favorable ruling on a protective order.  Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5).  The court must not award expenses if, although denied, "the motion was substantially justified."  Fed. R. Civ. P. 37(a)(5)(B).

In this case, Defendants' motion was substantially justified given the case law supporting a stay of discovery until after immunity has been determined.[1]  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery"); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The trial court did not abuse its discretion by staying discovery until the immunity issue was decided").  Therefore, Plaintiffs are not entitled to attorneys' fees.

Further, in their motion to compel, Plaintiffs move for sanctions for Defendants' failure to respond to their written discovery requests.  (Dkt. No. 19 at 5.)  The Court may order sanctions for a party's failure to answer interrogatories "unless the failure was substantially justified or other circumstances made an award of expenses unjust."  Fed. R. Civ. Pro. 37(d)(3).

---

[1] In arguing against a stay of discovery, Plaintiffs cite *Ames v. Lindquist*, 769 Fed. Appx. 502 (2019). (Dkt. No. 15 at 5) ("[Defendants] disregard[] what the 9th Circuit previously held from [*Ames*], wherein the court ruled the defending prosecutors and Pierce County had no legal claim to immunity that would bar discovery grounded in 'Brady' or any other authority."). (*See also* Dkt. No. 23 at 2.) However, *Ames* does not stand for the proposition that Plaintiffs' claim. Indeed, the *Ames* case does not involve prosecutors making *Brady* list determinations, and therefore, is distinguishable from this case.

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO COMPEL DISCOVERY - 2

Because Defendants' motion for a protective order was substantially justified it would be unjust to levy sanctions against Defendants at this point.

Plaintiffs fail to establish that this delay in discovery has prejudiced their case. Plaintiffs claim that they could have used discovery material in responding to Defendants' motion to dismiss. (Dkt. No. 19 at 2.) However, Plaintiffs' argument is unavailing as they make no assertion that their Complaint allegations are or may be deficient or reliant on further discovery. *See Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017) ("Early determination is often possible 'because qualified immunity most often turns on legal determinations, not disputed facts.'") (quoting *Slowman v. Tadlock*, 21 F.3d 1462, 1468 (9th Cir. 1994).

Accordingly, and having considered Defendants' and Plaintiffs' motions, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' motion for a protective order (Dkt. No. 12) and Plaintiffs' motion to compel (Dkt. No. 19) are DENIED as moot.

    1. Plaintiffs must re-serve all outstanding discovery requests previously propounded on Defendants.

    2. Plaintiffs' requests for attorneys' fees and sanctions against Defendants are DENIED.

Dated this 25th day of May 2022.



David G. Estudillo
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO COMPEL DISCOVERY - 3