1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  CHRIS ADAMSON, *et al.*,

11                          Plaintiffs,

            v.

12  PIERCE COUNTY, *et al.*,

13                          Defendants.

14

CASE NO. 3:21-cv-05592-BHS

ORDER ON MOTION TO COMPEL

15          This matter comes before the Court on Plaintiffs' Motion to Compel.[1] Dkt. 62. Having

16  considered the parties' briefing and relevant record, the Motion (Dkt. 62) is **GRANTED** in part

17  and **DENIED** in part for reasons explained herein.

18  **I.      BACKGROUND**

19          The parties are familiar with the claims and allegations underlying this case, and the

20  Court summarizes them here only in brief. This case arises out of an investigation by the Pierce

21  County Prosecutor's Office and 2020 shutdowns of the Pierce County Sheriff's Department's

22

---

23  [1] On May 30, 2023, the Honorable Benjamin H. Settle entered an Order in this case granting Defendants' motion to
    continue the trial date, and referred two pending Motions to Compel (Dkts. 48, 62), and any other discovery matters
24  that arise, to the undersigned. *See* Dkt. 76.

Special Investigation Unit ("SIU")—a unit dedicated to investigating narcotics and enforcing anti-vice laws in Pierce County.[2] Dkt. 1-2 at 5. Plaintiffs, nine Pierce County Sheriff's Department deputies, were assigned to the SIU and subsequently included on the Pierce County Prosecuting Attorney's Office ("PCPAO") *Brady*/Potential Impeachment Evidence ("PIE") list. *Id*. at 5–10. Defendants are former Sheriff Paul Pastor, Undersheriff and Acting Sheriff Brent Bomkamp, and Pierce County, as a government entity operating through its officials and employees. *Id*. at 10–11.

In the Complaint, Plaintiffs assert several claims based on Defendants' involvement with their placement on the PCPAO's *Brady*/PIE list, including 42 U.S.C. § 1983 Free Speech and Redress violations, and state claims of Defamation/False Light, Outrage, Negligent Infliction of Emotional Distress, and Breach of Contract. *See id*. More specifically, Plaintiffs allege

> In an official capacity, Pierce County's officials fabricated allegations [against Plaintiffs] then recorded them in documents to publish as so called 'Brady' material. [Defendants] instigated multiple unfounded investigations, targeted plaintiffs with heightened scrutiny, and published disparaging unwarranted criticisms during the Sheriff's election cycle to influence the election, and to deter plaintiffs and others similarly situated from exercising with protected rights.

*Id*. at 5.

On May 25, 2022, the Chief Judge David G. Estudillo entered an Order granting in part and denying in part a Motion to Dismiss filed by Defendants. Dkt. 24. The claims related directly to the *Brady*/PIE list were dismissed, but the claims listed above remain. *Id*. In addition, several Defendants were dismissed on immunity grounds. *Id*.

Also on May 25, 2022, Chief Judge Estudillo entered an Order denying, as moot, two motions regarding discovery filed by the parties. Dkt. 25. With respect to Plaintiffs' pending

---

[2] Plaintiffs initially filed suit in Thurston County Superior Court, at Complaint No. 21-2-01294-34, and in August 2021, the case was removed to this Court. *See* Dkt. 1.

1    discovery requests, the Court directed Plaintiffs to revise their written discovery requests in light

2    of the Court's decision on the Motion to Dismiss, and re-serve them on Defendants. *Id*. at 1, 3.

3    Since then, the parties have been engaged in further discovery. On March 28, 2023, the parties

4    filed a Joint Statement of Discovery Dispute, informing the Court they had reached an impasse

5    over Plaintiffs' written discovery requests. Dkt. 45. Plaintiffs identified multiple insufficiencies

6    in Defendants' discovery responses, while Defendants asserted that Plaintiffs' requests are overly

7    broad, vague, not likely to lead to the discovery of admissible evidence, and disproportionate to

8    the remaining claims. *Id*.

9          Chief Judge Estudillo held a discovery conference on these issues on April 24, 2023. *See*

10   Dkt. 54. At the conference, the Court directed the parties to meet and confer in the courtroom in

11   an attempt to resolve the discovery disputes outlined in their Joint Statement. *See* Dkt. 55. After

12   conferring for nearly two hours, the parties indicated they had narrowed down the discovery

13   issues, but the Court reserved ruling on the discovery disputes pending resolution of a possible

14   issue of Court conflict. *Id*. at 19–24. The following day, April 25, 2023, Chief Judge Estudillo

15   recused himself and this matter was reassigned to Judge Settle. *See* Dkt. 51. Plaintiffs attach, as

16   an Exhibit to the instant Motion to Compel, a Table of Insufficiencies with handwritten notes

17   from the April 24, 2023, conference. Dkt. 63, Ex. F.

18         On May 5, 2023, Plaintiffs filed the instant Motion to Compel, asserting Defendants have

19   failed to adequately respond to Plaintiff Fajardo's First Set of Interrogatories and Requests for

20   Production. Dkt. 62. The requests seek discovery for all Plaintiffs and consist of eleven (11)

21   interrogatories and sixty-six (66) requests for production ("RFP"). *See* Dkt. 63. Defendants

22   responded to the Motion to Compel on May 22, 2023 (Dkt. 72), and Plaintiffs' replied on May

23   26, 2023 (Dkt. 74). On May 31, 2023, Defendants filed a Surreply (Dkt. 79), to which Plaintiffs

24

responded with a Motion to Strike the Surreply (Dkt. 80). Defendants have responded to the

Motion to Strike. Dkt. 82.

## II.      PLAINTIFFS' MOTION TO STRIKE

Plaintiffs have filed a Motion to Strike Defendants' Surreply relating to the instant

Motion to Compel. Dkt. 80. Plaintiffs argue the Surreply should be stricken or otherwise

disregarded in its entirety because it contains improper accusations of wrongdoing on the part of

Plaintiffs' counsel which are false, immaterial, and impertinent. *Id*. Plaintiffs' counsel further

argues the Surreply has no legitimate purpose in that it has no bearing on the sufficiency or

adequacy of Defendants' responses to the discovery requests. *Id*.

Federal Rule of Civil Procedure 12(f) permits a court to strike from any pleading "any

redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f); *Fantasy, Inc. v.

Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994). A

matter is immaterial if it has no essential or important relationship to the claim for relief or

defenses pled, and a matter is impertinent if it does not pertain to, and is unnecessary to, the

issue(s) in question. *Fantasy, Inc.*, 984 F.2d at 1527. Motions to strike are disfavored because

they are often dilatory and because of the limited importance of pleadings in federal practice.

*Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. March 19, 2015); *see also

Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1038 (S.D. Cal. July 6, 2017). A motion to strike

should not be granted unless the matter to be stricken clearly has no possible bearing on the

litigation's subject matter. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D.

Cal. March 13, 1991). Lastly, as with a motion to dismiss, a motion to strike must be viewed in

the light most favorable to the non-moving party and any doubt regarding the import of the

allegations weighs in favor of denying a motion to strike. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. July 17, 2000).

Having considered the Motion to Strike, as well as Defendants' Surreply, the Court denies Plaintiffs' request to strike the Surreply at this time because doubt remains as to whether the Surreply is so irrelevant as to have "no possible bearing on the subject matter of the litigation," and which must be resolved in favor of the nonmoving party. *Colaprico*, 758 F. Supp. at 1339. The Motion to Strike (Dkt. 80) is **DENIED**.

## III.    PLAINTIFFS' MOTION TO COMPEL

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating a disputed discovery request, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. However, Rule 26(b)(2)(C) provides that the Court must limit the frequency of discovery otherwise allowed by the federal civil rules or by local rule if the Court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Further, materials need not be admissible in evidence to be discoverable. *Id*. District Courts ultimately retain broad discretion to permit or deny discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (2002), and this broad discretion encompasses relevancy determinations, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id*. (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

Initially, the Court notes that, prior to the filing of this Motion to Compel, at the April 24, 2023, discovery conference, Chief Judge Estudillo was very clear as to how he believed these discovery disputes could be resolved, particularly with the Court's assistance, if necessary. *See* Dkt. 55. The Court used RFP No. 4 as an example. *Id*. at 15–16. When Defendants asserted they had nothing more to answer as to any specific arguments Plaintiffs were making for that request, the Court stated,

> And then I'm going to ask Ms. Mell, well, what do you think is missing? And if you think there's something missing, tell me exactly what you think is missing because until you tell me what's missing, I don't know what to order defendants to produce.
>
> So if you think there's something missing, what is it, is it a specific date, is it a specific individual that you think they didn't produce a statement from? I don't know. If you can identify what's missing, then I will tell them, produce it, if it's relevant to this particular interrogatory or request for production.
>
> But if they're going to tell me, we've produced everything from No. 4, and you don't tell me what you think is missing, other than we don't think they've answered it completely, I'm not going to order them to produce anything on No. 4.

*Id*.

1          In the instant Motion, Plaintiffs seek an Order compelling Defendants to provide

2   supplemental responses and additional documents in response to Plaintiffs' discovery requests.

3   Dkt. 62. However, it is not clear if Plaintiffs are referring to *some* requests or *all* requests. *See id*.

4   Plaintiffs' Motion is peppered with language outlining Defendants' failure to respond to the

5   requests, but none of that language is specific as to any one request. *See id*. Without such

6   specificity, the Court is unable to discern what information Plaintiffs want further produced. To

7   make matters worse, Plaintiffs have not provided the Court with a Proposed Order and, as set

8   forth in subsequent briefing on the Motion, Defendants have provided supplemental responses

9   since the Motion was filed. *See* Dkt. 73, Ex. 1 (Defendants' Supplemental Answers, Provided

10  May 22, 2023); Dkt. 75, Ex. A (Emails from Defendants providing supplemental discovery

11  answers). Plaintiffs' Reply lists thirty-six (36) RFPs and six (6) interrogatories that Defendants

12  have "failed to identify or produce information responsive to," or "refused to answer,"

13  respectively, but does not indicate what Plaintiffs believe is missing or, in the alternative,

14  provide substantive argument for why the Court should compel Defendants to produce

15  information over their objections. Dkt. 74 at 3–5. In addition, this list of 42 total requests does

16  not match what was apparently missing when the parties conferred at the April 24, 2023,

17  discovery conference. *See* Dkt. 63, Ex. F (Table of Insufficiencies from April 24, 2023, hearing).

18  For example, on the table Plaintiffs note "answered" next to RFP No. 58 (Dkt. 63 at 68);

19  however, in the Reply, Plaintiffs list RFP No. 58 as a request in need of further response (Dkt. 74

20  at 4).

21          In any other situation, it would appear that another discovery conference is in order, but,

22  in light of the seemingly contentious relationship between counsel during discovery which has

23  brought the parties to an impasse, the Court will not take that approach. Rather, the Court will

24

1    follow Chief Judge Estudillo's lead in resolving these discovery disputes on paper. That is, the

2    Court will examine each request and, if Plaintiffs have identified what is missing, the Court will

3    direct Defendants to produce, if relevant. Otherwise, absent more specificity, the Court simply

4    lacks sufficient information to fully resolve each production request. In an effort to dislodge the

5    parties' discovery impasse, the Court will address the requests in the categories set forth in

6    Plaintiff Fajardo's First Interrogatories and Requests for Production, using the latest exhibit

7    provided by the parties which includes Defendants' supplemental responses. *See* Dkt. 73, Ex. 1.

8           Lastly, in considering the Motion, the Court addresses Plaintiffs' argument with respect

9    to Defendants' objections to certain discovery requests based on the dismissal of the Brady/PIE

10   claims. *See* Dkt. 74 at 7–9. Plaintiffs argue that Defendants' objection based on *Brady*/PIE

11   information is improper, as such information is still relevant to the remaining claims at issue. *Id*.

12   at 7–8. They note that, as a result of the Order granting in part and denying in part Defendants'

13   Motion to Dismiss, Plaintiffs' claim of First Amendment retaliation against Pastor and

14   Bomkamp and state law claims against Pierce County for defamation, false light, outrage,

15   negligent infliction of emotional distress, and breach of contract, were not dismissed. *Id*. at 9; *see*

16   Dkt. 24.

17          Here, the Court finds information related to the *Brady*/PIE claims remain relevant to the

18   remaining claims. More specifically, because the District Court found Defendants Pastor and

19   Bomkamp were not entitled to qualified immunity with respect to the First Amendment

20   retaliation claim and that the state law claims against Pierce County could proceed (*see* Dkt. 24

21   at 13–17; 21–25), information related to the creation of the *Brady*/PIE list remains relevant. As

22   such, the Court will not strike any of the related discovery requests based on a finding that the

23   request seeks *Brady*/PIE information.

24

A.      **"Background"**

1.      Interrogatory No. 1 and Request for Production No. 1

Interrogatory No. 1 asks Defendants to "[i]dentify each person who answered or provided answers to these discovery requests by name, title, address, and telephone number." Dkt. 73 at 7. RFP No. 1 asks Defendants to produce "[a]ll documents viewed or considered when answering Interrogatory No. 1." *Id*.

Defendants initially objected to Interrogatory No. 1 as overly broad and not likely to lead to the discovery of admissible evidence. *Id*. Not waiving that objection, Defendants provided a list of five persons in response to the Interrogatory. *Id*. In supplemental answers, Defendants provided twenty-three more names. *Id*. Defendants also objected to RFP No. 1 as overly broad and not likely to lead to the discovery of admissible evidence, and added that the request was "[d]uplicative and/or cumulative to other discovery requests. Answer to this discovery request can be determined by documents and materials produced in response to subsequent discovery requests." *Id*. In their Response to the Motion to Compel, Defendants assert these requests have been answered, adding that Interrogatory No. 1 is not relevant as it involves matters beyond the remaining claims in this lawsuit. Dkt. 72 at 5.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference Interrogatory No. 1 or RFP No. 1, let alone explain how the information sought is relevant or proportional.[3] *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require

---

[3] In their Reply, Plaintiffs briefly mention that, despite filing supplemental answers on May 22, 2023, Defendants still have not supplemented their response with documents from Brent Bomkamp since his May 17, 2023 deposition. Dkt. 74 at 10–11. According to Plaintiffs, Mr. Bomkamp testified that he had just started to search for responsive records. *Id*. at 11. Plaintiffs do not respond, however, to Defendants argument that documentation in this request was duplicative and/or cumulative to other discovery requests. *See* Dkt. 73 at 7. Without knowing what Plaintiffs believe is missing and being able to determine it has or has not been produced in response to other requests, the Court will not require Defendants to further respond to this request.

1   Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to

2   respond to Interrogatory No. 1 and RFP No. 1 is denied without prejudice.

3       **B.**    **"Witnesses"**

4       1.    <u>Interrogatory No. 2 and Request for Production No. 2</u>

5       Interrogatory No. 2 asks Defendants to "[i]dentify each witness who may have

6   information about this case or whom you intend to call at trial, including the witness's name,

7   address and telephone number, and the summary of the witness's knowledge or testimony." Dkt.

8   73 at 7. RFP No. 2 asks Defendants to produce "[a]ll documents viewed or considered when

9   answering Interrogatory No. 2." *Id*.

10       Defendants responded to both requests with a reference to Defendants' Initial Disclosures

11   dated November 10, 2021. *Id*. In addition, Defendants objected to Interrogatory No. 2 as

12   premature, as "[d]iscovery and investigation are ongoing, and all witnesses have not yet been

13   determined." *Id*. They also objected to RFP No. 2 as overly broad and not likely to lead to the

14   discovery of admissible evidence. *Id*. In their Response to the Motion to Compel, Defendants

15   reiterate that Interrogatory No. 2 is overly broad, adding that it is not relevant to the remaining

16   claims in this lawsuit. Dkt. 72 at 5.

17       In the Motion to Compel and supporting documents, Plaintiffs do not specifically

18   reference Interrogatory No. 2 or RFP No. 2, let alone explain how the information sought is

19   relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require

20   Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to

21   respond to Interrogatory No. 2 and RFP No. 2 is denied without prejudice.

22   ///

23   ///

24

ORDER ON MOTION TO COMPEL - 10

1    **C.    "Experts"**

2        1.    Interrogatory No. 3 and Request for Production No. 3

3        Interrogatory No. 3 asks Defendants to identify each expert witness they intend to call at

4    the time of trial, as well as

5        the subject matter on which the expert is expected to testify, state the substance of
     the facts and opinions to which the expert is expected to testify, provide a summary
6    if the grounds for each opinion, and list each and every fact, document, or
     information the expert intends to rely upon to support his or her opinions.

7
Dkt. 73 at 8. RFP No. 3 asks Defendants to produce all documents reviewed and relied upon by
8
any expert identified in Interrogatory No. 3, as well as
9
        the expert's files, resume or curriculum vitae, any documents, treatises, or articles
10   your expert relies upon to formulate testimony or opinions in this matter, e-mails
     and correspondence prepared or received by the expert, billing statements, contract
11   for services, a list of cases wherein the expert has testified, and any writings or prior
     deposition testimony from any cases the expert relies upon to establish his or her
12   qualifications.

13   *Id*.

14       Defendants initially responded to Interrogatory No. 3 with a reference to Defendants'

15   Disclosure of Expert Witnesses dated August 8, 2022. *Id*. They also stated that discovery and

16   investigation were ongoing and that they would disclose experts pursuant to the applicable case

17   schedule. *Id*. They noted the request may be premature. *Id*. In a supplemental answer,

18   Defendants referred to their Rebuttal Expert Disclosure dated April 25, 2023. *Id*. Defendants

19   initially objected to RFP No. 3 as premature, but in a supplemental answer referenced the April

20   25, 2023, Rebuttal Expert Disclosure and noted that "[i]t is believed that all documents are in the

21   possession of Plaintiffs." *Id*. In their Response to the Motion to Compel, Defendants state

22   Interrogatory No. 3 has been answered, but also that it is duplicative of expert disclosures. Dkt.

23   72 at 5. They also assert that RFP No. 3 has been answered. *Id*.

24

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference Interrogatory No. 3 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to RFP 3 (expert files)" (Dkt. 74 at 3). Plaintiffs do not indicate what they believe to be missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3). Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 3 and RFP No. 3 is denied without prejudice.

**D.     "Communications"**

        1.     <u>Interrogatory No. 4 and Request for Production No. 4</u>

Interrogatory No. 4 asks Defendants to "[i]dentify each 'argument' put forth by current and former SIU members to which the Robnett e-mail at Appendix L of the Complaint, Bates No. 'Plntffs000054,' refers." Dkt. 73 at 8. RFP No. 4 asks Defendants to produce "[d]ocuments viewed or considered when answering Interrogatory No. 4. Include all communications about the Robnett e-mail at Appendix L of the Complaint, Bates No. 'Plntffs000054.'" *Id*.

Defendants objected to both requests as overly broad. Dkt. 73 at 8, 9. In addition, Defendants noted that, as the requests relate to *Brady*/PIE claims, those claims have been dismissed. *Id*. at 8. Defendants also stated that, without waiving objection, the subject e-mail identifies arguments shown in the TNT article, and the e-mail and article speak for themselves. *Id*. In their Response to the Motion to Compel, Defendants argue Interrogatory No. 4 is not relevant to the remaining claims and seeks *Brady*/PIE information. Dkt. 72 at 5. They also state that RFP No. 4 has been answered. *Id*.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference Interrogatory No. 4 or RFP No. 4, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. While the April 24, 2023 Table of Insufficiencies includes a notation that Defendants produced no responsive documents but references the TNT article (*see* Dkt. 63, Ex. F, at 63), Plaintiffs make no further argument in their Motion to Compel, nor do they explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiff's request for an Order compelling Defendants to respond to Interrogatory No. 4 and RFP No. 4 is denied without prejudice.

2.      Request for Production No. 5

RFP No. 5 asks Defendants to produce "[a]ll documents to or from or generated by Kris Nordstrom specific to any plaintiff from 2019 to present or the allegations set forth in the Complaint." Dkt. 73 at 9. Defendants initially objected, arguing the request is "overly broad and vague as to response option. Compound." Dkt. 73 at 9. They also claimed the request was not likely to lead to the discovery of admissible evidence. *Id*. However, Defendants added, without waiving objection, that "approximately 15k documents have been gathered and must be reviewed to determine responsiveness and redactions." *Id*. In a supplemental answer, Defendants contended the request is not relevant to the remaining claims and seeks *Brady*/PIE information. *Id*. Defendants state that Kris Nordstrom was an SIU member and his complaints to the PCPAO regarding SIU practices initiated the *Brady*/PIE investigation. *Id*. In their Response to the Motion to Compel, Defendants argue RFP No. 5 should be struck as overly broad and not relevant to the remaining claims and seeks *Brady*/PIE information. Dkt. 72 at 5.

1    In the Motion to Compel and supporting documents, Plaintiffs claim this request contains

2   information regarding criticisms of Plaintiffs by Defendants. Dkt. 63, Ex. F, at 63. They argue

3   Kris Nordstrom was one of the Pierce County Sheriff's Department employees who was

4   "fabricating complaints about Plaintiffs and disseminating those false claims publicly." Dkt. 74

5   at 6. Plaintiffs further argue that Defendants' objection based on *Brady*/PIE information is

6   improper, as such information is still relevant to the remaining claims at issue. *Id*. at 7–8.

7    Upon review, the Court finds the information sought in this request relevant to the

8   remaining claims. Thus, the Court grants the Plaintiffs' motion and directs the Defendants to

9   further respond to RFP No. 5.

10    3.    Request for Production No. 6

11    RFP No. 6 asks Defendants to produce "[a]ll documents to or from or generated by

12   Derrick Nielson specific to any plaintiffs from 2019 to present or the allegations set forth in the

13   Complaint." Dkt. 73 at 9. Defendants initially objected, arguing the request is "overly broad and

14   vague as to response option. Compound." Dkt. 73 at 9. They also claimed the request was not

15   likely to lead to the discovery of admissible evidence. *Id*. However, Defendants added, without

16   waiving objection, that "approximately 19k documents have been gathered and must be reviewed

17   to determine responsiveness and redactions." *Id*. In a supplemental answer, Defendants

18   contended the request is not relevant to the remaining claims and seeks *Brady*/PIE information.

19   *Id*. In their Response to the Motion to Compel, Defendants assert the request should be struck

20   and state that "Derrick Nielson was an SIU member and was involved with complaints to the

21   PCPAO regarding SIU practices initiated the *Brady*/PIE investigation conducted by former

22   Defendant Prosecuting Attorney James Schacht who was dismissed from this action." Dkt. 72 at

23   5.

24

1          In their Motion to Compel and supporting documents, Plaintiffs again argue that

2 Defendants' objection based on *Brady*/PIE information is improper, as such information is still

3 relevant to the remaining claims at issue. Dkt. 74 at 7–8.

4          For the reasons discussed above in relation to RFP No. 5, the Court finds the information

5 sought in this request relevant to the remaining claims. *See supra*. Accordingly, the Court grants

6 the Plaintiffs' Motion and directs the Defendants to further respond to RFP No. 6.

7                4.   <u>Request for Production No. 7</u>

8          RFP No. 7 asks Defendants to produce "[a]ll documents including interview notes of

9 Derrick Nielson to, from, or created by James Leoffoholz specific to any plaintiff from 2019 to

10 present or the allegations set forth in the complaint." Dkt. 73 at 9. Defendants objected, arguing

11 the request is "overly broad and vague as to response option. Compound." *Id*. They also claimed

12 the request was not likely to lead to the discovery of admissible evidence. *Id*. However,

13 Defendants added, without waiving objection and limiting their answer to documents or notes of

14 Derrick Nielson created by James Leoffoholz, a response including Mr. Leoffoholz's notes. *See*

15 *id*. In a supplemental answer, Defendants contended the request is not relevant to the remaining

16 claims and seeks *Brady*/PIE information. *Id*. at 10. In their Response to the Motion to Compel,

17 Defendants argue the request should be struck and state "Derrick Nielson was an SIU member

18 and was involved with complaints to the PCPAO regarding SIU practices initiated the Brady/PIE

19 investigation conducted by former Defendant Prosecuting Attorney James Schacht who was

20 dismissed from this action." Dkt. 72 at 5.

21          In their Motion to Compel and supporting documents, Plaintiffs again argue that

22 Defendants' objection based on *Brady*/PIE information is improper, as such information is still

23 relevant to the remaining claims at issue. Dkt. 74 at 7–8.

24

1    For the reasons discussed above in relation to RFP No. 5, the Court finds the information

2    sought in this request relevant to the remaining claims and grants the Plaintiffs' Motion. *See*

3    *supra*. RFP No. 7 and the response thereto shall not be stricken.

4              5.       Request for Production No. 8

5    RFP No. 8 asks Defendants to produce "[a]ll documents to, from, or generated by Mike

6    Blair specific to any plaintiff from 2019 to present or the allegations set forth in the complaint."

7    Dkt. 73 at 10. Defendants initially objected, arguing the request is "overly broad and vague as to

8    response option. Compound." Dkt. 73 at 10. They also claimed the request was not likely to lead

9    to the discovery of admissible evidence. *Id*. However, Defendants added, without waiving

10   objection, that "approximately 24k documents have been gathered and must be reviewed to

11   determine responsiveness and redactions." *Id*. In a supplemental answer, Defendants contended

12   the request is not relevant to the remaining claims and seeks *Brady*/PIE information. *Id*. In their

13   Response to the Motion to Compel, Defendants again contend the request is overly broad, vague,

14   not relevant, and is disproportionate to the remaining claims. Dkt. 72 at 5–6. Defendants also

15   provide detail on the parties' dispute with respect to narrowing the scope of this request. *Id*.

16   In their Motion to Compel and supporting documents, Plaintiffs again argue that

17   Defendants' objection based on *Brady*/PIE information is improper, as such information is still

18   relevant to the remaining claims at issue. Dkt. 74 at 7–8.

19   For the reasons discussed above in relation to RFP No. 5, the Court finds the information

20   sought in this request relevant to the remaining claims. *See supra*. Accordingly, the Court grants

21   the Plaintiffs' motion and directs the Defendants to further respond to RFP No. 8.

22

23

24

1        6.      Request for Production No. 9

2        RFP No. 9 asks Defendants to produce "[a]ll documents to, from, or generated by Nick

3 Hausner specific to any plaintiff from 2019 to present or the allegations set forth in the

4 complaint." Dkt. 73 at 10. Defendants initially objected, arguing the request is "overly broad and

5 vague as to response option. Compound." Dkt. 73 at 10. They also claimed the request was not

6 likely to lead to the discovery of admissible evidence. *Id*. However, Defendants added, without

7 waiving objection, that "approximately 34k documents have been gathered and must be reviewed

8 to determine responsiveness and redactions." *Id*. Additionally and without waiving objection,

9 Defendants added a response including "Nick Hausner files." *Id*. In a supplemental answer,

10 Defendants contended the request is not relevant to the remaining claims and seeks *Brady*/PIE

11 information. *Id*. In their Response to the Motion to Compel, Defendants assert the request should

12 be struck and again contend the request is overly broad, vague, not relevant, and is

13 disproportionate to the remaining claims. Dkt. 72 at 6. Defendants also provide detail on the

14 parties' dispute with respect to clarifying and/or narrowing the scope of this request. *Id*.

15        In their Motion to Compel and supporting documents, Plaintiffs again argue that

16 Defendants' objection based on *Brady*/PIE information is improper, as such information is still

17 relevant to the remaining claims at issue. Dkt. 74 at 7–8.

18        For the reasons discussed above in relation to RFP No. 5, the Court finds the information

19 sought in this request relevant to the remaining claims. *See supra*. Accordingly, the Court grants

20 the Plaintiffs' motion and directs the Defendants to further respond to RFP No. 9.

21        7.      Request for Production No. 10

22        RFP No. 10 asks Defendants to produce "[a]ll documents to, from, or generated by Elaine

23 Lilly specific to the Peres case or the allegations set forth in the Complaint." Dkt. 73 at 10.

24

1    Defendants initially objected, arguing the request is "overly broad and vague as to response

2    option. Compound." *Id*. They also claimed the request was not likely to lead to the discovery of

3    admissible evidence. *Id*. Defendants added, without waiving objection, that the search was

4    ongoing and a request had been made to Plaintiffs for "clarification regarding identification of

5    the 'Peres' case." *Id*. In a supplemental answer, Defendants added, "Elaine Lilly is a legal

6    assistant in the felony division of PCPAO. She has no personal involvement in Plaintiffs' claims.

7    The discovery request is not relevant to the remaining claims in this lawsuit. This discovery

8    request may be supplement[ed]." *Id*. at 10–11. In their Response to the Motion to Compel,

9    Defendants again contend the request is overly broad, vague, not relevant, and is

10   disproportionate to the remaining claims. Dkt. 72 at 6. Defendants also provide detail on the

11   parties' dispute with respect to clarifying and/or narrowing the scope of this request. *Id*.

12        In the supporting documents to the Motion to Compel, Plaintiffs note "she has nothing"

13   in the April 24, 2023, Table of Insufficiencies. Dkt. 63, Ex. F, at 63. Other than this note,

14   Plaintiffs make no further argument in their Motion to Compel, nor do they explain how the

15   information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the

16   Court will not require Defendants to further respond. Thus, Plaintiff's request for an Order

17   compelling Defendants to respond to RFP No. 10 is denied without prejudice.

18        8.    Request for Production No. 11

19        RFP No. 11 asks Defendants to produce "[a]ll documents to, from, or generated by

20   Priscilla Crabtree specific to any plaintiff or the allegations set forth in the Complaint." Dkt. 73

21   at 11. Defendants initially objected, arguing the request is "overly broad and vague as to

22   response option. Compound." *Id*. They also claimed the request was not likely to lead to the

23   discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that

24

"voluminous documents have been gathered and must be reviewed to determine responsiveness and redactions." *Id*. In a supplemental answer, Defendants added, "Priscilla Crabtree is a legal assistant in the Pierce County Sheriff's Department Internal Affairs department. She has no personal involvement in Plaintiffs' claims. The discovery request is not relevant to the remaining claims in this lawsuit." *Id*. Defendants also directed Plaintiffs to respond to RFP No. 17 for further response. *Id*. In their Response to the Motion to Compel, Defendants assert the request should be struck and again contend the request is overly broad, vague, not relevant, and is disproportionate to the remaining claims. Dkt. 72 at 7. Defendants also provide detail on the parties' dispute with respect to clarifying and/or narrowing the scope of this request. *Id*.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 11 (Dkts. 62; 63, Ex. F), but their April 24, 2023 Table of Insufficiencies notes "provided specific terms" with respect to this request (Dkt. 63, Ex. F, at 63). Further, their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 11 (Office Assistant Internal Affairs Priscilla Crabtree's communications about Plaintiffs)." Dkt. 74 at 3. Plaintiffs do not indicate what they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 11 is denied without prejudice.

9.    Request for Production No. 12

RFP No. 12 asks Defendants to produce "[a]ll documents to, from, or generated by Ed Troyer, Todd Karr, Chad Arceneaux, Gerald Lawrence, Brent Bomkamp, Paul Pastor, James Schacht, Fred Wist, Lisa Wagner, Grace Kingman, Rosie Martinelli, Tim Donlin, Gary Sanders,

1   Jim Heishman, Kevin Roberts, Kate Oliver, Mary Robnett specific to any plaintiff or the

2   allegations set forth in the Complaint." Dkt. 73 at 11. Defendants initially objected, arguing the

3   request is "overly broad and vague as to response option. Compound." *Id*. They also claimed the

4   request was not likely to lead to the discovery of admissible evidence. *Id*. Defendants added,

5   without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants

6   added that the request was "duplicative of similar discovery requests directed to Defendants

7   Pastor and Bomkamp, and all other individuals identified relate directly to the *Brady*/PIE claims

8   and PERC/labor grievance matters." *Id*. Defendants also added a response including PCSD

9   investigation files. *Id*. In their Response to the Motion to Compel, Defendants assert the request

10   should be struck and again contend the request is overly broad, vague, not relevant, and is

11   disproportionate to the remaining claims. Dkt. 72 at 7. Defendants also provide detail on the

12   parties' dispute with respect to clarifying and/or narrowing the scope of this request. *Id*.

13          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

14   reference RFP No. 12 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

15   to identify or produce information responsive to . . . RFP 12 (Sheriff Pastor, Sheriff Troyer,

16   Acting Sheriff/Undersheriff Bomkamp, Captain Lawrence, Det. Donlin, Major Sanders, Chief

17   Heishman, Chief Roberts communications about Plaintiffs, limited partial response heavily

18   redacted with no exemption log)" (Dkt. 74 at 3). Plaintiffs do not indicate what they believe is

19   missing or, in the alternative, provide substantive argument for why the Court should compel

20   Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3.

21   Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request

22   for an Order compelling Defendants to respond to RFP No. 12 is denied without prejudice.

23

24

1          10.     Request for Production No. 13

2          RFP No. 13 asks Defendants to produce "[a]ll documents of all communications with the

3   Federal Bureau of Investigations into any action or inaction by any named Plaintiff." Dkt. 73 at

4   11. Defendants initially objected, arguing the request is "overly broad and vague as to response

5   option. Compound." *Id*. They also claimed the request was not likely to lead to the discovery of

6   admissible evidence. *Id*. Defendants added, without waiving objection, that a search was

7   ongoing. *Id*. In a supplemental answer, Defendants further objected to the extent that the

8   discovery request sought *Brady*/PIE information. Dkt. 73 at 12. They added that "[t]he materials

9   included in this production are business records and may include responsive documents to which

10  the burden of deriving or ascertaining the answer to the discovery request is substantially the

11  same for either party and the materials are produced as allowed by Fed. R. Civ. P. 33(d)." *Id*.

12  Defendants also added a response including email communications and telephone summary

13  reports. *Id*. In their Response to the Motion to Compel, Defendants argue this request should be

14  struck, is tantamount to a fishing expedition, and pertains to the *Brady*/PIE investigation. Dkt. 72

15  at 7.

16          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

17  reference RFP No. 13, let alone explain how the information sought is relevant or proportional.

18  *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

19  respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 13

20  is denied without prejudice.

21          11.     Request for Production No. 14

22          RFP No. 14 asks Defendants to produce "[a]ll documents that involve technologies used

23  by any plaintiff. This should include all communications about plaintiffs' technologies, as well

as all documents from plaintiff's technologies that you possess, and any analysis of the content taken from plaintiffs' technologies." Dkt. 73 at 12. Defendants objected, arguing the request is "overly broad and vague as to 'technologies.'" Dkt. 73 at 12. They added that a request was made for clarification of the definition of "technologies" and that a search was ongoing. *Id*. In their Response to the Motion to Compel, Defendants argue the term "technologies" is vague, but add that Plaintiffs "now seek to define technologies as emails, text messages, Microsoft Teams call information, phone information, laptops, Instant Messaging information, and Internet Cloud information." Dkt. 72 at 7–8. They also assert the request should be struck. *Id*. at 7.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 14 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 14 (Communications about Plaintiffs technologies)" (Dkt. 74 at 3). Plaintiffs do not indicate what they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 14 is denied without prejudice.

**E.**   **"Executive's Offices"**

1.   <u>Request for Production No. 15</u>

RFP No. 15 asks Defendants to produce "[a]ll documents from files and records created by or in the possession of Bruce Dammeier or his staff that contain content specific to any named plaintiff or the allegations set forth in the Complaint." Dkt. 73 at 12. Defendants initially objected, arguing the request is "overly broad and vague as to response option. Compound." *Id*. They also claimed the request was not likely to lead to the discovery of admissible evidence. *Id*.

1    Defendants added, without waiving objection, that a search was ongoing. *Id*. In a supplemental

2    answer, Defendants added a response including e-mail communications. *Id*. In their Response to

3    the Motion to Compel, Defendants argue Bruce Dammeier is the elected Executive for Pierce

4    County with no personal involvement in Plaintiffs' claims. Dkt. 72 at 8. They also contend that

5    the request should be struck, as it is not relevant to the remaining claims in the lawsuit, is

6    tantamount to a fishing expedition, and any claim Mr. Dammeier personally has to the claims is

7    tangential at best. *Id*. Defendants also provide detail on the parties' dispute with respect to

8    clarifying and/or narrowing the scope of this request. *Id*.

9         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

10   reference RFP No. 15, let alone explain how the information sought is relevant or proportional.

11   *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

12   respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 15

13   is denied without prejudice.

14        **F.     "Sheriff's Department"**

15             1.    Request for Production No. 16

16        RFP No. 16 asks Defendants to produce "[a]ll documents from files and records created

17   by or in the possession of Sheriff and former Sheriff or his staff or former staff that contain

18   content specific to any named plaintiff or the allegations set forth in the Complaint." Dkt. 73 at

19   12–13. Defendants initially objected, arguing the request is "overly broad and vague as to

20   response option. Compound." *Id*. at 13. They also claimed the request was not likely to lead to

21   the discovery of admissible evidence. *Id*. In a supplemental answer, Defendants asserted that

22   current Sheriff Ed Troyer has no personal involvement in Plaintiffs' claims, and the discovery

23   request is duplicative to other discovery requests directed at Defendant Pastor. *Id*. In their

24

Response to the Motion to Compel, Defendants add that the request should be struck and is tantamount to a fishing expedition. Dkt. 72 at 8. They also provide detail on the parties' dispute with respect to clarifying and/or narrowing the scope of this request. *Id.*

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 16 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 16 (Documents created by Sheriff and his staff about Plaintiffs that disparage them or concern their performance)" (Dkt. 74 at 3). Plaintiffs do not indicate what exactly they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 16 is denied without prejudice.

### G.   "Internal Affairs Files"

#### 1.   Request for Production No. 17

RFP No. 17 asks Defendants to produce "[a]ll Pierce County Sheriff's Department Internal Affairs documents on plaintiffs and named defendants." Dkt. 73 at 13. Defendants initially objected that the request was overly broad and not likely to lead to the discovery of admissible evidence. *Id.* Defendants added, without waiving objection, that a search was ongoing. *Id.* In a first supplemental answer, Defendants added a response including four (4) sets of documents identified by Bates numbers. *Id.* In a second supplemental answer, Defendants added a response including sixteen (16) sets of documents identified by Bates numbers. *Id.* at 13–15. In their Response to the Motion to Compel, Defendants again argue the request is overly

broad, and add that it is "vague, not relevant, and is disproportionate to the remaining claims." Dkt. 72 at 8.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 17, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 17 is denied without prejudice.

**H.    "Councilmember's Offices"**

1.    Request for Production No. 18

RFP No. 18 asks Defendants to produce "[a]ll documents from files and records created by or in the possession of any Pierce County Councilmember or his or her staff or former staff that contain content specific to any named plaintiff or the allegations set forth in the Complaint dating back to 2019." Dkt. 73 at 15. Defendants initially objected that the request was "overly broad and vague as to response option. Compound," and not likely to lead to the discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants argued the County Council has no personal involvement in Plaintiffs' claims and the request is not relevant to the remaining claims in this lawsuit, but included a set of responsive documents identified by Bates numbers. *Id*. In their Response to the Motion to Compel, Defendants reiterate their arguments on objection, adding that the request should be struck, is tantamount to a fishing expedition and providing detail on the parties' dispute with respect to clarifying and/or narrowing the scope of this request. Dkt. 72 at 8–9.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 18 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 18 (Documents from Councilmember's Offices specific to Plaintiffs that disparage them or concern their performance)" (Dkt. 74 at 3). Plaintiffs do not indicate what they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 18 is denied without prejudice.

**I.      "IT Department"**

   1. Request for Production No. 19

RFP No. 19 asks Defendants to produce "[a]ll documents from your IT department that show dates, times, and text content that has been deleted that may have been about plaintiffs or the allegations set forth in the Complaint since 2019." Dkt. 73 at 15. Defendants initially objected that the request was "overly broad and vague as to response option. Compound," and not likely to lead to the discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants asserted that the request was disproportionate to the remaining claims, adding that the request

> pertains to *Brady*/PIE matters that have been dismissed and pertains to other matters such as PERC/labor grievance matters and Public Records Requests. A general IT search for 'deleted' documents with Plaintiffs and Defendants Bomkamp and Pastor names has returned over 200K documents. Plaintiffs made no effort to clarify early in this case what this discovery request sought, but now claims it seeks metadata from any document that may have been about Plaintiffs.

*Id*. In their Response to the Motion to Compel, Defendants reiterate these points and assert the request should be struck. Dkt. 72 at 9.

1    In the Motion to Compel and supporting documents, Plaintiffs do not specifically

2  reference RFP No. 19 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

3  to identify or produce information responsive to . . . RFP 19 (Metadata showing dates and times

4  texts about Plaintiffs and the allegations in the Complaint were deleted)" (Dkt. 74 at 3). Plaintiffs

5  do not indicate what they believe is missing or, in the alternative, provide substantive argument

6  for why the Court should compel Defendants to produce information over their objections. *See*

7  Dkts. 62; 63, Ex. F; 74 at 3. Without more, the Court will not require Defendants to further

8  respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 18

9  is denied without prejudice.

10    **J.    "Telephone Records"**

11        1.    Request for Production No. 20

12    RFP No. 20 asks Defendants to produce "[a]ll documents for telephones used by any

13  named defendant from 2019 to present that contain call logs or text logs for communications

14  about plaintiffs or the allegations set forth in the Complaint." Dkt. 73 at 15–16. Defendants

15  initially objected that the request was "overly broad and vague as to response option.

16  Compound," and not likely to lead to the discovery of admissible evidence. *Id*. at 16. Defendants

17  added, without waiving objection, that a search was ongoing. *Id*. In their Response to the Motion

18  to Compel, Defendants indicate that phone logs for Defendants Pastor and Bomkamp will be

19  produced. Dkt. 72 at 9.

20    In the Motion to Compel and supporting documents, Plaintiffs do not specifically

21  reference RFP No. 20 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

22  to identify or produce information responsive to . . . RFP 20 (Telephone and text logs from 2019

23  to current for communications about Plaintiffs)" (Dkt. 74 at 3). Plaintiffs do not indicate what

24

1   they believe is missing, nor do they explain how the information sought is relevant or

2   proportional. *See* Dkts. 62; 63, Ex. F; 74 at 3. Without more, the Court will assume this request,

3   including the supplemental response from Defendants which states they will produce phone logs

4   for Defendants Pastor and Bomkamp, has been sufficiently answered. Thus, Plaintiffs' request

5   for an Order compelling Defendants to respond to RFP No. 20 is denied without prejudice.

6           2.    <u>Request for Production No. 21</u>

7           RFP No. 21 asks Defendants to produce "[a]ll documents for telephones used by you

8   from 2019 to present that contain call logs or text logs for communications about plaintiffs or the

9   allegations set forth in the Complaint." Dkt. 73 at 16. Defendants initially objected that the

10  request was "overly broad and vague as to response option. Compound," and not likely to lead to

11  the discovery of admissible evidence. *Id*. They added that the request "identifies no user and is

12  intended to harass and increase cost of litigation," and, without waiving objection, requested

13  clarification regarding identification of user. *Id*. In their Response to the Motion to Compel,

14  Defendants reiterate the request is overly broad, vague as to "you," not relevant, adding it should

15  be struck, is disproportionate to the remaining claims, tantamount to a fishing expedition, and

16  duplicative to RFP No. 20. Dkt. 72 at 9.

17          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

18  reference RFP No. 21 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

19  to identify or produce information responsive to . . . RFP 21 (Documents that contain call or text

20  logs for communications about Plaintiffs)" (Dkt. 74 at 3). Plaintiffs do not indicate what they

21  believe is missing or, in the alternative, provide substantive argument for why the Court should

22  compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3.

23

24

1   Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request

2   for an Order compelling Defendants to respond to RFP No. 21 is denied without prejudice.

3   **K.      "Texts"**

4   1.      Request for Production No. 22

5   RFP No. 22 asks Defendants to produce "[a]ll texts from personal or work owned

6   technologies with any content specific to any named plaintiff or the allegations set forth in the

7   Complaint from 2019 to present." Dkt. 73 at 16. Defendants initially objected that the request

8   was "overly broad and vague as to response option. Compound," and not likely to lead to the

9   discovery of admissible evidence. *Id*. They added that the request is "vague as to 'technologies'

10  and identifies no users. The discovery request appears intended to harass and increase cost of

11  litigation," and, without waiving objection, requested clarification regarding definition of

12  "technologies" and identification of user. *Id*. In their Response to the Motion to Compel,

13  Defendants assert the request should be struck and reiterate their arguments on objection, adding

14  that the request would pertain to any Pierce County employee and providing detail on the parties'

15  dispute with respect to clarifying and/or narrowing the scope of this request. Dkt. 72 at 9–10.

16  In the Motion to Compel and supporting documents, Plaintiffs do not specifically

17  reference RFP No. 22 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

18  to identify or produce information responsive to . . . RFP 22 (All texts from personal and work

19  owned technologies criticizing Plaintiffs)" (Dkt. 74 at 3). Plaintiffs do not indicate what they

20  believe is missing or, in the alternative, provide substantive argument for why the Court should

21  compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 3.

22  Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request

23  for an Order compelling Defendants to respond to RFP No. 22 is denied without prejudice.

24

1

**L.**     **"E-mail – Messaging – Social Media"**

2

     1.     Request for Production No. 23

3

RFP No. 23 asks Defendants to produce "[a]ll e-mails from personal or work owned

4   technologies with any content specific to any named plaintiff or the allegations set forth in the

5   Complaint from 2019 to present." Dkt. 73 at 16. Defendants initially objected that the request

6   was "overly broad and vague as to response option. Compound," and not likely to lead to the

7   discovery of admissible evidence. *Id*. They added that the request is "vague as to 'technologies'

8   and identifies no users. The discovery request appears intended to harass and increase cost of

9   litigation," and, without waiving objection, requested clarification regarding definition of

10   "technologies" and identification of user. *Id*. In a supplemental answer, Defendants added a

11   response including PCSD investigation files. *Id*. at 16–17. In their Response to the Motion to

12   Compel, Defendants assert the request should be struck and reiterate their arguments on

13   objection, adding that the request would pertain to any Pierce County employee and providing

14   detail on the parties' dispute with respect to clarifying and/or narrowing the scope of this request.

15   Dkt. 72 at 10.

16

In the Motion to Compel and supporting documents, Plaintiffs do not specifically

17   reference RFP No. 23 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

18   to identify or produce information responsive to . . . RFP 23 (e-mails with content specific to

19   Plaintiffs and their performance, limited records)" (Dkt. 74 at 3–4). Plaintiffs do not indicate

20   what they believe is missing or, in the alternative, provide substantive argument for why the

21   Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63,

22   Ex. F; 74 at 3–4. Without more, the Court will not require Defendants to further respond. Thus,

23

24

1    Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 23 is denied

2    without prejudice.

3                    2.      Request for Production No. 24

4           RFP No. 24 asks Defendants to produce "[a]ll messaging from personal or work owned

5    technologies with any content specific to any named plaintiff or the allegations set forth in the

6    Complaint from 2019 to present." Dkt. 73 at 17. Defendants initially objected that the request

7    was "overly broad and vague as to response option. Compound," and not likely to lead to the

8    discovery of admissible evidence. *Id*. They added that the request is "vague as to 'technologies'

9    and identifies no users. The discovery request appears intended to harass and increase cost of

10   litigation," and, without waiving objection, requested clarification regarding definition of

11   "technologies" and identification of user. *Id*. In a supplemental answer, Defendants added a

12   response including PCSD investigation files. *Id*. In their Response to the Motion to Compel,

13   Defendants assert the request should be struck and reiterate their arguments on objection, adding

14   that the request would pertain to any Pierce County employee and providing detail on the parties'

15   dispute with respect to clarifying and/or narrowing the scope of this request. Dkt. 72 at 10.

16          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

17   reference RFP No. 24 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

18   to identify or produce information responsive to . . . RFP 24 (Instant messaging with content

19   specific to Plaintiffs or any criticisms of them)" (Dkt. 74 at 4). Plaintiffs do not indicate what

20   exactly they believe is missing or, in the alternative, provide substantive argument for why the

21   Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63,

22   Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

23

24

ORDER ON MOTION TO COMPEL - 31

1  Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 24 is denied

2  without prejudice.

3             3.      Request for Production No. 25

4        RFP No. 25 asks Defendants to produce "[a]ll social media posts from personal or work

5  owned technologies with any content specific to any named plaintiff or the allegations set forth

6  in the Complaint from 2019 to present." Dkt. 73 at 17. Defendants initially objected that the

7  request was "overly broad and vague as to response option. Compound," and not likely to lead to

8  the discovery of admissible evidence. *Id*. They added that the request is "vague as to

9  'technologies' and identifies no users. The discovery request appears intended to harass and

10 increase cost of litigation," and, without waiving objection, requested clarification regarding

11 definition of "technologies" and identification of user. *Id*. In their Response to the Motion to

12 Compel, Defendants assert the request should be struck and reiterate their arguments on

13 objection, adding that the request would pertain to any Pierce County employee and providing

14 detail on the parties' dispute with respect to clarifying and/or narrowing the scope of this request.

15 Dkt. 72 at 10–11. They add that, to the extent that an answer to other discovery requests may

16 include materials from PCSD investigation files, that answer has been provided. *Id*. at 11.

17       In the Motion to Compel and supporting documents, Plaintiffs do not specifically

18 reference RFP No. 25 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

19 to identify or produce information responsive to . . . RFP 25 (Social media posts about

20 Plaintiffs)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing or, in the

21 alternative, provide substantive argument for why the Court should compel Defendants to

22 produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the

23

24

1   Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order

2   compelling Defendants to respond to RFP No. 25 is denied without prejudice.

3                    4.      Request for Production No. 26

4          RFP No. 26 asks Defendants to produce "[a]ll communications with Kitsap County

5   Sheriff's Department about plaintiffs or any investigation involving plaintiffs. Include each and

6   every text, voice mail, messaging, post, email from or to Defendant Pastor, Bomkamp, or any

7   witness interviewed or Guild member contacted in native format with metadata from personal

8   and work owned technologies." Dkt. 73 at 17. Defendants initially objected that the request was

9   "overly broad and vague as to response option. Compound," and not likely to lead to the

10  discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search

11  was ongoing. *Id*. In a supplemental answer, Defendants added a response with reference to

12  Kitsap County's report produced with Defendants' Initial Disclosures, and stated the request may

13  be supplemented. *Id*. In their Response to the Motion to Compel, Defendants assert the request

14  should be struck and reiterate their arguments on objection and provide detail on the parties'

15  dispute with respect to clarifying and/or narrowing the scope of this request. Dkt. 72 at 11. They

16  add that, to the extent that an answer to other discovery requests may include materials PCSD

17  investigation files, that answer has been provided. *Id*.

18         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

19  reference RFP No. 26 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

20  to identify or produce information responsive to . . . RFP 26 (All communications with Kitsap

21  County Sheriff's Department about Plaintiffs)" (Dkt. 74 at 4). Plaintiffs do not indicate what

22  exactly they believe is missing or, in the alternative, provide substantive argument for why the

23  Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63,

24

1   Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

2   Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 26 is denied

3   without prejudice.

4              5.      Request for Production No. 27

5          RFP No. 27 asks Defendants to produce "[a]ll communications with Clark County

6   Sheriff's Department about plaintiffs or any investigation involving plaintiffs. Include each and

7   every text, voice mail, messaging, post, email from or to Defendant Pastor, Bomkamp, or any

8   witness interviewed or Guild member contacted in native format with metadata from personal

9   and work owned technologies." Dkt. 73 at 18. Defendants initially objected that the request was

10  "overly broad and vague as to response option. Compound," and not likely to lead to the

11  discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search

12  was ongoing. *Id*. In a supplemental answer, Defendants added a response with reference to Clark

13  County's report produced with Defendants' Initial Disclosures, and stated the request may be

14  supplemented. *Id*. In their Response to the Motion to Compel, Defendants assert the request

15  should be struck and reiterate their arguments on objection and provide detail on the parties'

16  dispute with respect to clarifying and/or narrowing the scope of this request. Dkt. 72 at 11. They

17  add that, to the extent that an answer to other discovery requests may include materials PCSD

18  investigation files, that answer has been provided. *Id*.

19         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

20  reference RFP No. 27 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

21  to identify or produce information responsive to . . . RFP 27 (All communications with Kitsap

22  County Sheriff's Department about Plaintiffs)" (Dkt. 74 at 4). Plaintiffs do not indicate what

23  exactly they believe is missing or, in the alternative, provide substantive argument for why the

24

1   Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63,

2   Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

3   Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 27 is denied

4   without prejudice.

5              6.         Request for Production No. 28

6        RFP No. 28 asks Defendants to produce "[a]ll documents to include handwritten notes

7   taken by Kwayne Lund, Keith Barnes, Defendants Schacht, Wist, or any Sheriff's Department

8   employee of any interview of plaintiffs or any other person related to the actions of plaintiffs at

9   Pierce County Prosecuting Attorney's Office." Dkt. 73 at 18. Defendants initially objected that

10  the request was "overly broad and vague as to response option. Compound," and not likely to

11  lead to the discovery of admissible evidence. *Id*. Defendants added, without waiving objection,

12  that a search was ongoing. *Id*. In a supplemental answer, Defendants added a response that

13  included Jim Schacht files, Keith Barnes files, and Kawyne Lund files and notes ("Withheld as

14  Atty-Client Privileged"). *Id*. In their Response to the Motion to Compel, Defendants argue this

15  request should be struck, as it pertains only to the *Brady*/PIE investigation conducted by former

16  Defendant Prosecuting Attorney James Schacht who has been dismissed from this action. Dkt.

17  72 at 11.

18        In the Motion to Compel and supporting documents, Plaintiffs do not specifically

19  reference RFP No. 28, let alone explain how the information sought is relevant or proportional.

20  *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

21  respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 28

22  is denied without prejudice.

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

7.      Request for Production No. 29

RFP No. 29 asks Defendants to produce "[a]ny documents communicating to any plaintiff that faux or fabricated reports were improper." Dkt. 73 at 18. Defendants initially objected that the request was overly broad and vague as "faux" or "fabricated" reports. *Id*. They also claimed the request was not likely to lead to the discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants added a response referencing Kitsap and Clark County Reports, as well as *Brady* materials previously produced with Initial Disclosures. *Id*. at 19. In their Response to the Motion to Compel, Defendants assert the request should be struck and reiterate their arguments on objection and provide detail on the parties' dispute with respect to clarifying and/or narrowing the scope of this request. Dkt. 72 at 11–12. They add that, to the extent the Kitsap and Clark County Reports have been identified, they are responsive to the request. *Id*.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 29, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 29 is denied without prejudice.

**M.      "Performance"**

1.      Interrogatory No. 5 and Request for Production No. 30

Interrogatory No. 5 asks Defendants to "[d]escribe in detail each communication about each plaintiff on the subject of his or her performance since January 2016. Include the date, time, place, and the name, title, and contact information for each person present." Dkt. 73 at 19. RFP No. 30 asks Defendants to produce "[a]ll documents viewed or considered when answering

1    Interrogatory No. 5 to include documents of any such communication in native format with

2    metadata." *Id*.

3         Defendants initially objected to both requests as overly broad and vague as

4    "communications." *Id*. They claimed the request is argumentative and may call for a legal

5    conclusion. *Id*. They also claimed the request is not likely to lead to the discovery of admissible

6    evidence. *Id*. In a supplemental answer, Defendants added, "[t]o the extent that this interrogatory

7    request can be answered by review of each Plaintiff's employment file already produced, that

8    production is incorporated herein by reference." *Id*. In their Response to the Motion to Compel,

9    Defendants argue these requests have been answered. Dkt. 72 at 12.

10        In the Motion to Compel and supporting documents, Plaintiffs do not specifically

11   reference Interrogatory No. 5 or RFP No. 30 (Dkts. 62; 63, Ex. F), but their Reply argues that

12   Defendants have "refused to answer . . . Rog. 5 (Description of each communication about

13   Plaintiffs on the subject of Plaintiffs' performance)" (Dkt. 74 at 4). Plaintiffs do not indicate

14   what exactly they believe is missing or, in the alternative, provide substantive argument for why

15   the Court should compel Defendants to produce information over their objections. *See* Dkts. 62;

16   63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

17   Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 5 and

18   RFP No. 30 is denied without prejudice.

19              2.      Request for Production No. 31

20        RFP No. 31 asks Defendants to produce "[e]ach document finding any plaintiff dishonest

21   or not credible." Dkt. 73 at 19. Defendants objected to the request as overly broad and vague as

22   "dishonest" or "credible." *Id*. They claimed the discovery request is argumentative and may call

23   for a legal conclusion. *Id*. They also claimed the request is not likely to lead to the discovery of

24

1   admissible evidence. *Id*. Defendants added, without waiving objection, that a search was

2   ongoing. *Id*. However, they noted that, "[t]o the extent that *Brady* disclosure material may be

3   responsive, which has already been produced, see Initial Disclosures." *Id*. In their Response to

4   the Motion to Compel, Defendants note RFP No. 31 has been answered, but argue the request

5   should be struck because it pertains directly to the *Brady*/PIE investigation. Dkt. 72 at 12.

6        In the Motion to Compel and supporting documents, Plaintiffs do not specifically

7   reference RFP No. 31 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

8   to identify or produce information responsive to . . . RFP 31 (Documents finding Plaintiffs

9   dishonest or not credible)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is

10  missing or, in the alternative, provide substantive argument for why the Court should compel

11  Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4.

12  Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request

13  for an Order compelling Defendants to respond to RFP No. 31 is denied without prejudice.

14        3.   Request for Production No. 32

15        RFP No. 32 asks Defendants to produce "[e]ach document finding any named defendant

16  dishonest or not credible." Dkt. 73 at 19. Defendants objected to the request as overly broad and

17  vague as "dishonest" or "credible." *Id*. They claimed the discovery request is argumentative and

18  may call for a legal conclusion. *Id*. They also claimed the request is not likely to lead to the

19  discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search

20  was ongoing. *Id*. However, they noted that, "[t]o the extent that *Brady* disclosure material may

21  be responsive, which has already been produced, see Initial Disclosures." *Id*. In their Response to

22  the Motion to Compel, Defendants note RFP No. 32 has been answered, but argue the request

23  should be struck because it pertains directly to the *Brady*/PIE investigation. Dkt. 72 at 12.

24

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 32 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 32 (Documents finding any named Defendant dishonest or not credible)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 32 is denied without prejudice.

### 4.   Request for Production No. 33

RFP No. 33 asks Defendants to produce "[a]ny document where any plaintiff's credibility may be questioned or a document that may be used to call into question any plaintiff's propensity to tell the truth." Dkt. 73 at 20. Defendants objected to the request as overly broad and vague as "credibility." *Id*. They claimed the discovery request is argumentative and may call for a legal conclusion. *Id*. They also claimed the request is not likely to lead to the discovery of admissible evidence. *Id*. Defendants added, without waiving objection, that a search was ongoing. *Id*. However, they noted that, "[t]o the extent that *Brady* disclosure material may be responsive, which has already been produced, see Initial Disclosures." *Id*. In a supplemental answer, Defendants added a response including PCSD investigation files. *Id*. In their Response to the Motion to Compel, Defendants note RFP No. 33 has been answered, but argue the request should be struck because it pertains directly to the *Brady*/PIE investigation. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 33, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 33 is denied without prejudice.

5.   <u>Interrogatory No. 6 and Request for Production No. 34</u>

Interrogatory No. 6 asks Defendants to "[d]escribe your decision to shut down Pierce County Sheriff's Department Special Investigations Unit each time you shut it down. Include in your description, the identity of each final decision-making authority for each decision." Dkt. 73 at 20. RFP No. 34 asks Defendants to produce "[a]ll documents viewed or considered when answering Interrogatory No. 6." *Id*. at 21. Defendants initially objected to the requests as overly broad and not likely to lead to the discovery of admissible evidence. *Id*. at 20–21. Defendants added, without waiving objection, that a search was ongoing. *Id*. at 20. In a supplemental answer, Defendants added details with respect to the first and second suspension of SIU operations, including the identity of the individual who suspended SIU operations. *Id*. at 20–21. They also referred to "Plt. Initial Disclosures, Mary Robnett 7/15/2020 email." *Id*. at 21. In their Response to the Motion to Compel, Defendants note the requests have been answered. Dkt. 72 at 5, 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference Interrogatory No. 6 or RFP No. 34 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "refused to answer . . . Rog. 6 (Identification of the decision maker who shut down the SUI [sic])" (Dkt. 74 at 4). Plaintiffs do not indicate exactly what they believe is missing at this point or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 6 and RFP No. 34 is denied without prejudice.

1          6.      Request for Production No. 35

2          RFP No. 35 asks Defendants to produce "[d]ocuments reflecting Pierce County Sheriff's

3    Department Special Investigations Unit statistics on enforcement activities from 2015 to date."

4    Dkt. 73 at 21. Defendants initially objected to the requests as overly broad and not likely to lead

5    to the discovery of admissible evidence. *Id*. at 21. Defendants added, without waiving objection,

6    that a search was ongoing. *Id*. In a supplemental answer, Defendants added a response including

7    SIU Stats for the years 2015 through 2022. *Id*. at 21–22. In their Response to the Motion to

8    Compel, Defendants note RFP No. 35 has been answered. Dkt. 72 at 12.

9          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

10   reference RFP No. 35, let alone explain how the information sought is relevant or proportional.

11   *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

12   respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 35

13   is denied without prejudice.

14   **N.     "Investigations"**

15          1.      Interrogatory No. 7 and Request for Production No. 36

16          Interrogatory No. 7 asks Defendants to "[d]escribe what the investigations were 'for the

17   SIU investigative files' referenced in defendant Schacht's e-mail Bates No. 'Plntffs000052' at

18   Appendix J of the Complaint and as to each provide a detailed chronology of each and every

19   action taken with regard to any such investigation." Dkt. 73 at 22. RFP No. 36 asks Defendants

20   to produce "[d]ocuments viewed or considered when answering Interrogatory No. 7." *Id*.

21   Defendants objected to the requests as overly broad and "improper contention." *Id*. They also

22   noted that claims involving *Brady*/PIE evidence have been dismissed. *Id*. However, they further

23   responded that "the subject email speaks for itself." *Id*. In their Response to the Motion to

24

1      Compel, Defendants note RFP No. 36 has been answered, but argue the request should be struck

2      because it pertains directly to the *Brady*/PIE investigation. Dkt. 72 at 12.

3          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

4      reference Interrogatory No. 7 or RFP No. 36 (Dkts. 62; 63, Ex. F), but their Reply argues that

5      Defendants have "refused to answer . . . Rog. 7 (Description of any investigation for the 'SIU

6      investigative files' as referenced at App. J)" (Dkt. 74 at 4). Plaintiffs do not indicate exactly what

7      they believe is missing at this point or, in the alternative, provide substantive argument for why

8      the Court should compel Defendants to produce information over their objections. *See* Dkts. 62;

9      63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus,

10     Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 7 and

11     RFP No. 36 is denied without prejudice.

12                   2.      <u>Interrogatory No. 8 and Request for Production No. 37</u>

13          Interrogatory No. 8 asks Defendants to "[d]escribe each and every fact that caused you to

14     place any named plaintiff under suspicion or investigation of criminal misconduct." Dkt. 73 at

15     22. RFP No. 37 asks Defendants to produce "[d]ocuments viewed or considered when answering

16     Interrogatory No. 8." *Id*. Defendants initially objected to the requests as overly broad,

17     argumentative and may call for a legal conclusion. *Id*. The claimed the request is not likely to

18     lead to the discovery of admissible evidence, but added, without waiving objection, that a search

19     was ongoing. *Id*. In a supplemental answer, Defendants added a response stating, "See response

20     to Request for Production No. 28, Schacht documents and notes, Fed. R. Civ. P. 33(d). To the

21     extent that additional information may apply, see *Brady* material and Clark and Kitsap County

22     Reports." *Id*. In the Response to the Motion to Compel, Defendants note RFP No. 37 has been

23

24

1   answered, but argue the request should be struck because it pertains directly to the *Brady*/PIE

2   investigation. Dkt. 72 at 12.

3          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

4   reference Interrogatory No. 8 or RFP No. 37 (Dkts. 62; 63, Ex. F), but their Reply argues that

5   Defendants have "failed to identify or produce information responsive to . . . RFP 37

6   (Documents considered when answering Rog. [8] about reasons for investigating Plaintiffs

7   criminally)" (Dkt. 74 at 4). They also argue Defendants "refused to answer . . . Rog. 8 (Facts

8   causing criminal investigation of Plaintiffs)." *Id*. at 4–5. Plaintiffs do not indicate exactly what

9   they believe is missing at this point, or, in the alternative, provide substantive argument for why

10  the Court should compel Defendants to produce information over their objections. *See* Dkts. 62;

11  63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus,

12  Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 8 and

13  RFP No. 37 is denied without prejudice.

14          3.      Interrogatory No. 9 and Request for Production No. 38

15          Interrogatory No. 9 asks Defendants to "[d]escribe each and every fact that caused you to

16  place any named plaintiff under suspicion or investigation of civil misconduct or violation of

17  department policy, procedure, or protocol." Dkt. 73 at 22. RFP No. 38 asked Defendants to

18  produce "[d]ocuments viewed or considered when answering Interrogatory No. 9." *Id*. at 23.

19  Defendants initially objected to the requests as overly broad and vague as to "each and every

20  fact." *Id*. They claimed the requests are argumentative and may call for a legal conclusion. *Id*.

21  They also claim the requests are not likely to lead to the discovery of admissible evidence, but

22  added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer,

23  Defendants objected to the request as vague as to "civil misconduct," but further responded, "[t]o

24

the extent that materials produced in response to RFP 28 may apply, see Kitsap County and Clark County reports. Fed. R. Civ. P. 33(d)." *Id*. at 23. In their Response to the Motion to Compel, Defendants note RFP No. 38 has been answered, but argue the request should be struck because it pertains directly to the *Brady*/PIE investigation. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference Interrogatory No. 9 or RFP No. 38 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 38 (Documents considered when answering Rog. [9] about reasons for investigating Plaintiffs for civil misconduct)" (Dkt. 74 at 4). They also argue Defendants "refused to answer . . . Rog. 9 (Facts causing civil investigation of Plaintiffs)." *Id*. at 5. Plaintiffs do not indicate exactly what they believe is missing at this point or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 9 and RFP No. 38 is denied without prejudice.

4.      Interrogatory No. 10 and Request for Production No. 39

Interrogatory No. 10 asks Defendants to "[d]escribe each document any defendant reviewed or relied upon to formulate any opinions regarding the Wales investigation and associated warrants." Dkt. 73 at 23. RFP No. 39 asks Defendants to produce "[d]ocuments viewed or considered when answering Interrogatory No. 10." *Id*. at 23. Defendants initially objected to the requests as overly broad and not likely to lead to the discovery of admissible evidence. *Id*. However, without waiving objection, they added a search was ongoing. *Id*. In a supplemental answer, Defendants objected based on the fact that claims involving *Brady*/PIE

evidence have been dismissed, and the request, as it may relate to PERC/labor grievance matters, is no longer relevant to the remaining claims. *Id*. However, Defendants added a response including PCSD investigation files. *Id*. In their Response to the Motion to Compel, Defendants note RFP No. 39 has been answered, but argue the request should be struck because it pertains directly to the *Brady*/PIE investigation and Plaintiff Darby's PERC/labor grievance matter. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference Interrogatory No. 10 or RFP No. 39 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "refused to answer . . . Rog. 10 (Description of each document reviewed to formulate an opinion about Wales investigation and associated warrants)" (Dkt. 74 at 5). Plaintiffs do not indicate exactly what they believe is missing at this point or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to Interrogatory No. 10 and RFP No. 39 is denied without prejudice.

### 5.   Request for Production No. 40

RFP No. 40 asks Defendants to produce "[a]ny document on non-verbal consent to enter a residence to make an arrest without a warrant." Dkt. 73 at 23. Defendants initially objected to the request as overly broad and not likely to lead the discovery of admissible evidence. *Id*. However, they added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants objected based on the fact that claims involving *Brady*/PIE evidence have been dismissed, but further responded with reference to PCSD Policy 322. *Id*. In their Response to the Motion to Compel, Defendants note RFP No. 40 has been answered, but

1    argue the request should be struck because it pertains directly to the *Brady*/PIE investigation and

2    is duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

3         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

4    reference RFP No. 40 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

5    to identify or produce information responsive to . . . RFP 40 (Documents on non-verbal consent

6    to enter a residence to make an arrest without a warrant)" (Dkt. 74 at 4). Plaintiffs do not indicate

7    what exactly they believe is missing or, in the alternative, provide substantive argument for why

8    the Court should compel Defendants to produce information over their objections. *See* Dkts. 62;

9    63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

10   Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 40 is denied

11   without prejudice.

12                    6.    Request for Production No. 41

13        RFP No. 41 asks Defendants to produce "[a]ll documents associated with any

14   investigation by the Federal Bureau of Investigations into any actions by any named plaintiff."

15   Dkt. 73 at 24. Defendants initially objected to the request as overly broad and not likely to lead

16   the discovery of admissible evidence. *Id*. However, they added, without waiving objection, that a

17   search was ongoing. *Id*. In a supplemental answer, Defendants objected based on the fact that

18   claims involving *Brady*/PIE evidence have been dismissed, and further noted the request is

19   duplicative of RFP Nos. 13 and 37. *Id*. In their Response to the Motion to Compel, Defendants

20   note RFP No. 41 has been answered, but argue the request should be struck because it pertains

21   directly to the *Brady*/PIE investigation and is duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

22        In the Motion to Compel and supporting documents, Plaintiffs do not specifically

23   reference RFP No. 41 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

24

1    to identify or produce information responsive to . . . RFP 41 (Documents associated with FBI

2    investigations into Plaintiffs, missing communications)" (Dkt. 74 at 4). Plaintiffs do not indicate

3    what exactly they believe is missing or, in the alternative, provide substantive argument for why

4    the Court should compel Defendants to produce information over their objections. *See* Dkts. 62;

5    63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

6    Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 41 is denied

7    without prejudice.

8                7.    Request for Production No. 42

9          RFP No. 42 asks Defendants to produce "[a]ll documents showing when or if reports

10   were locked or unlocked on any investigation by Pierce County Special Investigations Unit for

11   the past ten years. Include all metadata showing dates when the Peres file was locked or

12   unlocked. Dkt. 73 at 24. Defendants initially objected to the request as overly broad and not

13   likely to lead the discovery of admissible evidence. *Id*. However, they added, without waiving

14   objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants objected based

15   on the fact that claims involving *Brady*/PIE evidence have been dismissed, but further responded

16   with "See document produced by Pierce County Defendants as follows: Persons Allowed List;

17   Adamson Def. PC 420962-420963." *Id*. In their Response to the Motion to Compel, Defendants

18   note RFP No. 42 has been answered, but argue the request should be struck because it pertains

19   directly to the *Brady*/PIE investigation and is duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

20         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

21   reference RFP No. 42 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

22   to identify or produce information responsive to . . . RFP 42 (Documents showing when or if

23   reports were locked or unlocked by SIU, unresponsive records only)" (Dkt. 74 at 4). Plaintiffs do

24

1   not indicate what exactly they believe is missing at this point, or, in the alternative, provide

2   substantive argument for why the Court should compel Defendants to produce information over

3   their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not require

4   Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to

5   respond to RFP No. 42 is denied without prejudice.

6           8.   <u>Request for Production No. 43</u>

7          RFP No. 43 asks Defendants to produce "[a]ll documents you claim are faux or

8   fabricated reports from Peres or Benitez." Dkt. 73 at 24. Defendants initially objected to the

9   request as overly broad, vague as to "faux" or "fabricated," and not likely to lead the discovery

10  of admissible evidence. *Id*. They also sought clarification regarding identification of "Peres" and

11  "Benitez." *Id*. However, they added, without waiving objection, that a search was ongoing. *Id*. In

12  a supplemental answer, Defendants objected based on the fact that claims involving *Brady*/PIE

13  evidence have been dismissed. *Id*. In their Response to the Motion to Compel, Defendants note

14  RFP No. 43 has been answered, but argue the request should be struck because it pertains

15  directly to the *Brady*/PIE investigation and is duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

16         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

17  reference RFP No. 43 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

18  to identify or produce information responsive to . . . RFP 43 (All documents Pierce County

19  claims were fabrication or faux reports from Peres or Benitez)" (Dkt. 74 at 4). Plaintiffs do not

20  indicate what exactly they believe is missing or, in the alternative, provide substantive argument

21  for why the Court should compel Defendants to produce information over their objections. *See*

22  Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further

23

24

1   respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 43

2   is denied without prejudice.

3                    9.        Request for Production No. 44

4          RFP No. 44 asks Defendants to produce "[t]he complete Pierce County Sheriff's

5   Department investigation files for any case listed by Defendant Schacht in his letter at Appendix

6   H of the Complaint." Dkt. 73 at 24. Defendants initially objected to the request as overly broad

7   and not likely to lead the discovery of admissible evidence. *Id*. However, they added, without

8   waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants objected

9   based on the fact that claims involving *Brady*/PIE evidence have been dismissed. *Id*. In their

10  Response to the Motion to Compel, Defendants note RFP No. 44 has been answered, but argue

11  the request should be struck because it pertains directly to the *Brady*/PIE investigation and is

12  duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

13         In the Motion to Compel and supporting documents, Plaintiffs do not specifically

14  reference RFP No. 44 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

15  to identify or produce information responsive to . . . RFP 44 (Complete Sheriff's Department

16  investigation files for all cases listed in Appendix H to the Complaint)" (Dkt. 74 at 4). Plaintiffs

17  do not indicate what exactly they believe is missing or, in the alternative, provide substantive

18  argument for why the Court should compel Defendants to produce information over their

19  objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not require Defendants

20  to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to

21  RFP No. 44 is denied without prejudice.

22

23

24

1          10.     Request for Production No. 45

2      RFP No. 45 asks Defendants to produce "[t]he complete investigation files for any

3   investigation where any plaintiff was either a suspect, subject, or witness. Include all audio

4   recordings, if any." Dkt. 73 at 25. Defendants initially objected to the request as overly broad,

5   vague as to time frame, and not likely to lead the discovery of admissible evidence. *Id*. They also

6   sought clarification regarding time frame. *Id*. However, they added, without waiving objection,

7   that a search was ongoing. *Id*. In a supplemental answer, Defendants objected based on the fact

8   that claims involving *Brady*/PIE evidence have been dismissed. *Id*. In their Response to the

9   Motion to Compel, Defendants note RFP No. 45 has been answered, but argue the request should

10   be struck because it pertains directly to the *Brady*/PIE investigation and is duplicative of RFP

11   Nos. 13 and 37. Dkt. 72 at 12.

12      In the Motion to Compel and supporting documents, Plaintiffs do not specifically

13   reference RFP No. 45 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

14   to identify or produce information responsive to . . . RFP 45 (Complete investigation files

15   involving Plaintiffs)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is

16   missing, or, in the alternative, provide substantive argument for why the Court should compel

17   Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4.

18   Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request

19   for an Order compelling Defendants to respond to RFP No. 45 is denied without prejudice.

20   **O.     "Policies, Procedures, Protocols and Standards"**

21          1.     Request for Production No. 46

22      RFP No. 46 asks Defendants to produce "Pierce County Prosecuting Attorney's Office

23   policies, protocols, procedures, or standards for narcotics investigations." Dkt. 73 at 25.

24

1  Defendants initially objected to the request as overly broad and not likely to lead the discovery of

2  admissible evidence. *Id*. However, they added, without waiving objection, that a search was

3  ongoing. *Id*. In a supplemental answer, Defendants added a reference to RFP No. 47. *Id*. In their

4  Response to the Motion to Compel, Defendants note RFP No. 46 has been answered, but argue

5  the request should be struck because it pertains directly to the *Brady*/PIE investigation and is

6  duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

7       In the Motion to Compel and supporting documents, Plaintiffs do not specifically

8  reference RFP No. 46, let alone explain how the information sought is relevant or proportional.

9  *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

10  respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 46

11  is denied without prejudice.

12            2.    Request for Production No. 47

13       RFP No. 47 asks Defendants to produce "Pierce County Prosecuting Attorney's Office

14  policies, protocols, procedures, or standards for sources or confidential informants." Dkt. 73 at

15  25. Defendants initially objected to the request as overly broad and not likely to lead the

16  discovery of admissible evidence. *Id*. However, they added, without waiving objection, that a

17  search was ongoing. *Id*. In a supplemental answer, Defendants added a response with the

18  following documents produced by Pierce County: two sections of Senate Bill 5714 Informants,

19  and Search Warrant/Confidential Informant Protocols. *Id*. at 25–26. In their Response to the

20  Motion to Compel, Defendants note RFP No. 47 has been answered, but argue the request should

21  be struck because it pertains directly to the *Brady*/PIE investigation and is duplicative of RFP

22  Nos. 13 and 37. Dkt. 72 at 12.

23

24

1    In the Motion to Compel and supporting documents, Plaintiffs do not specifically

2 reference RFP No. 47, let alone explain how the information sought is relevant or proportional.

3 *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

4 respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 47

5 is denied without prejudice.

6    3.    Request for Production No. 48

7    RFP No. 48 asks Defendants to produce "Pierce County Sheriff's Department policies,

8 protocols, procedures, or standards for narcotics or investigations undertaken by its Special

9 Investigations Unit." Dkt. 73 at 26. Defendants initially objected to the request as overly broad

10 and not likely to lead the discovery of admissible evidence. *Id*. However, they added, without

11 waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants added a

12 response with the following documents produced by Pierce County: Policy 606, Asset Forfeiture;

13 Policy 407, Incident Command System (ICS); Policy 617, Operations Planning and

14 Deconfliction; Policy 804, Property and Evidence; PCSD SIU Policy & Procedure Manual; and

15 Policy 408, Special Weapons and Tactics. *Id*. In their Response to the Motion to Compel,

16 Defendants note RFP No. 48 has been answered, but argue the request should be struck because

17 it pertains directly to the *Brady*/PIE investigation and is duplicative of RFP Nos. 13 and 37. Dkt.

18 72 at 12.

19    In the Motion to Compel and supporting documents, Plaintiffs do not specifically

20 reference RFP No. 48, let alone explain how the information sought is relevant or proportional.

21 *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

22 respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 48

23 is denied without prejudice.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4.      Request for Production No. 49

RFP No. 49 asks Defendants to produce "Pierce County Sheriff's Department policies, protocols, procedures, or standards for sources or confidential informants." Dkt. 73 at 26. Defendants initially objected to the request as overly broad and not likely to lead the discovery of admissible evidence. *Id*. However, they added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants added a response with the following document produced by Pierce County: Policy 608, Confidential Informants. *Id*. In their Response to the Motion to Compel, Defendants note RFP No. 49 has been answered, but argue the request should be struck because it pertains directly to the *Brady*/PIE investigation and is duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 49, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 49 is denied without prejudice.

5.      Request for Production No. 50

RFP No. 50 asks Defendants to produce "[p]olicies, procedures, or standards applicable to warrants." Dkt. 73 at 26. Defendants initially objected to the request as overly broad and not likely to lead the discovery of admissible evidence. *Id*. at 27. However, they added, without waiving objection, that a search was ongoing. *Id*. In a supplemental answer, Defendants added a response with the following documents produced by Pierce County: Policy 301, Arrests; and Policy 616, Warrant Service. *Id*. In their Response to the Motion to Compel, Defendants note

1    RFP No. 50 has been answered, but argue the request should be struck because it pertains

2    directly to the *Brady*/PIE investigation and is duplicative of RFP Nos. 13 and 37. Dkt. 72 at 12.

3            In the Motion to Compel and supporting documents, Plaintiffs do not specifically

4    reference RFP No. 50, let alone explain how the information sought is relevant or proportional.

5    *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

6    respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 50

7    is denied without prejudice.

8            **P.      "Employment Records"**

9                   1.      Request for Production No. 51

10           RFP No. 51 asks Defendants to produce "[c]omplete personnel files for each named

11   plaintiff." Dkt. 73 at 27. Defendants initially indicated that their response would be

12   supplemented. *Id*. In two supplemental answers, Defendants provided personnel files for all of

13   the named Plaintiffs. *See id*. at 27–28. In their Response to the Motion to Compel, Defendants

14   note RFP No. 51 has been answered. Dkt. 72 at 12.

15           In the Motion to Compel and supporting documents, Plaintiffs do not specifically

16   reference RFP No. 51, let alone explain how the information sought is relevant or proportional.

17   *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

18   respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 51

19   is denied without prejudice.

20                  2.      Request for Production No. 52

21           RFP No. 52 asks Defendants to produce ""[c]omplete personnel files for each

22   individually named defendant (Pastor, and Bomkamp)." Dkt. 73 at 28. Defendants initially

23   objected to the request as overly broad and not likely to lead the discovery of admissible

24

1  evidence. *Id*. They also indicated that the parties should discuss production subject to a

2  protective order. *Id*. In a supplemental answer, Defendants provided Defendant Pastor and

3  Bomkamp's personnel files and HR personnel files. *Id*. at 28–29. The Court notes this material is

4  now subject to a Stipulated Protective Order. *See* Dkt. 58. In their Response to the Motion to

5  Compel, Defendants note RFP No. 52 has been answered. Dkt. 72 at 12.

6  In the Motion to Compel and supporting documents, Plaintiffs do not specifically

7  reference RFP No. 52, let alone explain how the information sought is relevant or proportional.

8  *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

9  respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 52

10  is denied without prejudice.

11  3.  <u>Request for Production No. 53</u>

12  RFP No. 53 asks Defendants to produce "[c]omplete disciplinary files for each named

13  plaintiff." Dkt. 73 at 29. Defendants initially indicated that their response would be

14  supplemented. *Id*. In a supplemental answer, Defendants referred to the supplemental answer

15  provided to RFP No. 17. *Id*. In their Response to the Motion to Compel, Defendants note RFP

16  No. 53 has been answered. Dkt. 72 at 12.

17  In the Motion to Compel and supporting documents, Plaintiffs do not specifically

18  reference RFP No. 53, let alone explain how the information sought is relevant or proportional.

19  *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

20  respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 53

21  is denied without prejudice.

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4.      Request for Production No. 54

RFP No. 54 asks Defendants to produce "[c]omplete disciplinary files for each individually named defendant (Pastor, and Bomkamp)." Dkt. 73 at 29. Defendants objected to the request as overly broad and not likely to lead the discovery of admissible evidence. *Id*. They also asserted that the request was "invasive of the individual Defendant's right to privacy and raises concerns regarding officer safety. Moreover, requests for disciplinary information into a government worker's personnel files are privileged and not subject to discovery with the exception of documents evidencing disciplinary action concerning *matters related to the underlying lawsuit*." *Id*. The Court notes this material is now subject to a Stipulated Protective Order. *See* Dkt. 58. In their Response to the Motion to Compel, Defendants note RFP No. 54 has been answered. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 54 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 54 (Complete disciplinary files for Defendants Pastor and Bomkamp)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 54 is denied without prejudice.

5.      Request for Production No. 55

RFP No. 55 asks Defendants to produce "[c]omplete payroll records for each named plaintiff." Dkt. 73 at 29. Defendants initially indicated that their response would be supplemented. *Id*. In a supplemental answer, Defendants provided payroll records for all of the

named Plaintiffs. *Id*. at 29–30. In their Response to the Motion to Compel, Defendants note RFP No. 54 has been answered. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 55, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 55 is denied without prejudice.

**Q.      "HR Files"**

      1.      <u>Request for Production No. 56</u>

RFP No. 56 asks Defendants to produce "[a]ll documents in Pierce County Human Resources for any complaint, action, investigation, contact, review, appeal, grievance involving any named plaintiff or defendant." Dkt. 73 at 30. Defendants initially indicated that their response would be supplemented, "as it relates to a request for Plaintiff Fajardo's records. As this discovery request may relate to any named Defendant, see answer to Request for Production No. 54." *Id*. In two supplemental answers, Defendants provided Plaintiff Fajardo's HR Personnel file and referred to the documents in response to RFP No. 51, respectively. *Id*. In their Response to the Motion to Compel, Defendants note RFP No. 56 has been answered. Dkt. 72 at 12.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 56, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 56 is denied without prejudice.

1          2.      Request for Production No. 57

2      RFP No. 57 asks Defendants to produce "[a]ll documents from files and records created

3  by or in the possession of Joe Carrillo with respect to any named plaintiff." Dkt. 73 at 30.

4  Defendants initially indicated that their response would be supplemented. *Id*. In a supplemental

5  response, Defendants objected to the request as not likely to lead to the discovery of admissible

6  evidence, and argued it is not related to Plaintiffs' current claims. *Id*. However, without waiving

7  the objection, Defendants responded with a set of email communications produced by Pierce

8  County. *Id*. In their Response to the Motion to Compel, Defendants further objected to the

9  request as follows:

> The discovery request seeks documents from files and records created by or in the
> possession of Joe Carrillo with respect to any named plaintiff. Joe Carrillo was a
> former Pierce County Human Resource manager and he was mostly, if not only,
> involved in the PERC/labor grievances filed by Plaintiffs Riegle, Darby, and
> Fajardo. Information from Joe Carrillo is not relevant to the remaining claims in
> this lawsuit.

Dkt. 72 at 12. They also assert the request should be struck. *Id*.

      In the Motion to Compel and supporting documents, Plaintiffs do not specifically

reference RFP No. 57, let alone explain how the information sought is relevant or proportional.

*See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 57

is denied without prejudice.

**R.      "Publications – Media"**

      1.      Request for Production No. 58

      RFP No. 58 asks Defendants to produce "[e]ach and every document that communicates

with The News Tribune or any other media contact information about any plaintiff or Pierce

County Special Investigations Unit from 2019 to present." Dkt. 73 at 31. Defendants initially

1   objected to the request as overly broad and vague as to "other media contact." *Id*. However,

2   without waiving the objection, and limiting an answer to 2019 to the date of the Complaint,

3   Defendants added that a search was ongoing. *Id*. In a supplemental answer, Defendants provided

4   media communications (PDF & Native formats) produced by Pierce County. *Id*. In their

5   Response to the Motion to Compel, Defendants note RFP No. 58 has been answered. Dkt. 72 at

6   12.

7          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

8   reference RFP No. 58 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

9   to identify or produce information responsive to . . . RFP 58 (Media communications from

10  Sheriff's Department with TNT)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they

11  believe is missing at this point or, in the alternative, provide substantive argument for why the

12  Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63,

13  Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus,

14  Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 58 is denied

15  without prejudice.

16                  2.    <u>Request for Production No. 59</u>

17         RFP No. 59 asks Defendants to produce ""[e]ach document providing any media person

18  information about your closure and the status of Pierce County Sheriff's Department Special

19  Investigations Unite from 2019 to date. Include all e-mail, attachments, messaging and texts in

20  native format with any media reporter." Dkt. 73 at 31. Defendants initially objected to the

21  request as overly broad and vague as to "media person." *Id*. However, without waiving the

22  objection, and limiting an answer to 2019 to the date of the Complaint, Defendants added that a

23  search was ongoing. *Id*. In a supplemental answer, Defendants provided media communications

24

1    (PDF & Native formats) produced by Pierce County. *Id*. In their Response to the Motion to

2    Compel, Defendants note RFP No. 59 has been answered. Dkt. 72 at 12.

3          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

4    reference RFP No. 59 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

5    to identify or produce information responsive to . . . RFP 59 (Media communications to any

6    media about Plaintiffs)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is

7    missing at this point or, in the alternative, provide substantive argument for why the Court

8    should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F;

9    74 at 4. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs'

10   request for an Order compelling Defendants to respond to RFP No. 59 is denied without

11   prejudice.

12        **S.      "Retention"**

13               1.      Request for Production No. 60

14        RFP No. 60 asks Defendants to produce "[a]ll documents showing compliance with

15   retention schedules for content from technologies used by any named defendant from 2019 to the

16   present. This is intended to capture documents showing retention of communications to and from

17   named defendants." Dkt. 73 at 31. Defendants initially objected to this request as overly broad

18   and vague as to any Pierce County Department. *Id*. However, and without waiving the objection,

19   they added a search was ongoing. *Id*. In a supplemental answer, Defendants reiterated their

20   objection, adding that the request is not relevant, is disproportionate to the remaining claims, and

21   relates to other matters, including but not limited to Public Records Requests. *Id*. In their

22   Response to the Motion to Compel, Defendants again reiterate their objection and argue the

23   request should be struck. Dkt. 72 at 12.

24

1      In the Motion to Compel and supporting documents, Plaintiffs do not specifically

2  reference RFP No. 60 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

3  to identify or produce information responsive to . . . RFP 60 (Retention scheduled compliance)"

4  (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing, do not respond to

5  Defendants' arguments regarding public records requests, or explain how the information sought

6  is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not

7  require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling

8  Defendants to respond to RFP No. 60 is denied without prejudice.

9      **T.**     **"Campaign for Sheriff"**

10      1.     <u>Request for Production No. 61</u>

11      RFP No. 61 asks Defendants to produce "[a]ll documents about Pierce County Sheriff's

12  Department election in 2020 that mention or reference any plaintiff or support or opposition for

13  either candidate." Dkt. 73 at 32. Defendants initially objected to the request as overly broad and

14  vague as to "all documents," and the terms "support" or "opposition." *Id*. They also sought

15  clarification regarding the time frame in 2020. *Id*. However, without waiving the objection,

16  Defendants added that a search was ongoing. *Id*. In a supplemental answer, Defendants provided

17  a Facebook page, Endorsement of Troyer for Sheriff, as produced by Pierce County. *Id*. In their

18  Response to the Motion to Compel, Defendants note RFP No. 61 has been answered. Dkt. 72 at

19  12.

20      In the Motion to Compel and supporting documents, Plaintiffs do not specifically

21  reference RFP No. 61, let alone explain how the information sought is relevant or proportional.

22  *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

23

24

1    respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 61

2    is denied without prejudice.

3                   2.    <u>Interrogatory No. 11</u>

4           Interrogatory No. 11 asks Defendants to "[s]tate who each named defendant voted for in

5    the Sheriff's Department election in 2020 in both the primary and final election." Dkt. 73 at 32.

6    Defendants initially objected to the request as overly broad and not likely to lead to the discovery

7    of admissible evidence. *Id*. They also asserted the request is invasive of the individual

8    Defendant's right to privacy and raises concerns regarding officer safety and harassment. *Id*.

9    However, without waiving the objection, Defendants added that an answer may be

10   supplemented. *Id*. In a supplemental answer, Defendants provided the following information:

11   Pastor: Troyer; Bomkamp: Troyer. *Id*.

12          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

13   reference Interrogatory No. 11, let alone explain how the information sought is relevant or

14   proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to

15   further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to

16   Interrogatory No. 11 is denied without prejudice.

17                  3.    <u>Request for Production No. 62</u>

18          RFP No. 62 asks Defendants to produce "[a]ll documents reflecting campaign support for

19   Pierce County Sheriff in 2020 either in kind or financial by any named defendant. Include any

20   and all documents that reflect communications supportive of any candidate such as

21   endorsements, mailers, e-mail, texts, etc." Dkt. 73 at 32. Defendants initially objected to the

22   request as overly broad and not likely to lead to the discovery of admissible evidence. *Id*. They

23   also asserted the request is invasive of the individual Defendant's right to privacy and raises

24

1    concerns regarding officer safety and harassment. *Id*. However, without waiving the objection,

2    Defendants added that an answer may be supplemented. *Id*. In a supplemental answer,

3    Defendants referenced the responsive document produced for RFP No. 61. *Id*. In their Response

4    to the Motion to Compel, Defendants note RFP No. 62 has been answered. Dkt. 72 at 13.

5            In the Motion to Compel and supporting documents, Plaintiffs do not specifically

6    reference RFP No. 62, let alone explain how the information sought is relevant or proportional.

7    *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further

8    respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 62

9    is denied without prejudice.

10           **U.    "Calendars"**

11                   1.      Request for Production No. 63

12           RFP No. 63 asks Defendants to produce "[a]ll documents that contain Outlook calendar

13   entries for any meeting involving SIU or its members, or with content involving SIU or any

14   member of SIU from 2019 to the present." Dkt. 73 at 32. Defendants initially objected to the

15   request as overly broad, vague as to identification of a Pierce County department, and not likely

16   to lead to the discovery of admissible evidence. *Id*. at 33. They also sought clarification

17   regarding the identification of a Pierce County department. *Id*. However, without waiving the

18   objection, and limiting an answer to 2019 to the date of the Complaint, Defendants added that a

19   search was ongoing. *Id*. In a supplemental answer, Defendants further objected to the extent the

20   request pertains to *Brady*/PIE matters, and to Plaintiffs Darby, Fajardo, and Riegle PERC/labor

21   grievance matters. *Id*. In their Response to the Motion to Compel, Defendants reiterate their

22   objections and assert the request should be struck. Dkt. 72 at 13.

23

24

ORDER ON MOTION TO COMPEL - 63

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 63 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed to identify or produce information responsive to . . . RFP 63 (Outlook calendar entries specific to meetings involving SIU)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing or, in the alternative, provide substantive argument for why the Court should compel Defendants to produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 63 is denied without prejudice.

V.      **Request for Production No. 64: "Documents Obtained in Discovery"**

RFP No. 64 asks Defendants to produce "[a]ll documents obtained in response to any subpoena or release." Dkt. 73 at 33. Defendants objected that the request is "not applicable." *Id.* In their Response to the Motion to Compel, Defendants note RFP No. 64 has been answered. Dkt. 72 at 13.

In the Motion to Compel and supporting documents, Plaintiffs do not specifically reference RFP No. 64, let alone explain how the information sought is relevant or proportional. *See* Dkts. 62; 63, Ex. F; 74. Without more, the Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order compelling Defendants to respond to RFP No. 64 is denied without prejudice.

W.      **"Documents Responsive to Searches of ESI"**

1.      Request for Production No. 65

RFP No. 65 asks Defendants to produce "[a]ny documents, specifically notes involving Special Investigations Unit and its members Fajardo, Adamson, Nicodemus, Darby, Reigle, Raynor, Dickerson, Nordstrom, Bray, Maas, Neilson, Olivarez, and Cole from 2019 to present."

Dkt. 73 at 33. Defendants initially objected to the request as overly broad, vague as to

identification of a Pierce County department, and not likely to lead to the discovery of admissible

evidence. *Id*. at 33. They also sought clarification regarding the identification of a Pierce County

department. *Id*. However, without waiving the objection, and limiting an answer to 2019 to the

date of the Complaint, Defendants added that a search was ongoing. *Id*. In a supplemental

answer, Defendants further objected to the request as duplicative of other requests. *Id*. In their

Response to the Motion to Compel, Defendants reiterate their objections and assert the request

should be struck. Dkt. 72 at 13.

       In the Motion to Compel and supporting documents, Plaintiffs do not specifically

reference RFP No. 65 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

to identify or produce information responsive to . . . RFP 65 (Notes involving SIU members from

2019 to present)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing or,

in the alternative, provide substantive argument for why the Court should compel Defendants to

produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the

Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order

compelling Defendants to respond to RFP No. 65 is denied without prejudice.

                 2.    Request for Production No. 66

       RFP No. 66 asks Defendants to produce "[a]ny documents, notes, or e-mail concerning

locked reports; faux, fake, or fabricated reports; charging interviews; FBI; profer; drug testing; or

SIU Brady from 2019 to present." Dkt. 73 at 33. Defendants initially objected to the request as

overly broad, vague as to identification of a Pierce County department, and not likely to lead to

the discovery of admissible evidence. *Id*. at 33. They also sought clarification regarding the

identification of a Pierce County department. *Id*. However, without waiving the objection, and

1   limiting an answer to 2019 to the date of the Complaint, Defendants added that a search was

2   ongoing. *Id*. In a supplemental answer, Defendants further objected to the request as duplicative

3   of other requests. *Id*. In their Response to the Motion to Compel, Defendants reiterate their

4   objections and assert the request should be struck. Dkt. 72 at 13.

5          In the Motion to Compel and supporting documents, Plaintiffs do not specifically

6   reference RFP No. 66 (Dkts. 62; 63, Ex. F), but their Reply argues that Defendants have "failed

7   to identify or produce information responsive to . . . RFP 66 (Misc. all documents from 2019 to

8   present)" (Dkt. 74 at 4). Plaintiffs do not indicate what exactly they believe is missing or, in the

9   alternative, provide substantive argument for why the Court should compel Defendants to

10  produce information over their objections. *See* Dkts. 62; 63, Ex. F; 74 at 4. Without more, the

11  Court will not require Defendants to further respond. Thus, Plaintiffs' request for an Order

12  compelling Defendants to respond to RFP No. 66 is denied without prejudice.

13  **IV.    PLAINTIFFS' REQUEST FOR SANCTIONS**

14         In connection with this Motion to Compel, Plaintiffs have requested sanctions be

15  imposed against Defendants. Dkt. 62 at 6–7. When a motion to compel is granted, sanctions in

16  the form of "reasonable expenses" which includes attorney fees must be awarded against the

17  party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A).

18  The presumption in favor of such awards serves a "deterrent function by discouraging

19  unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp.*, 577 F.2d 624,

20  642 (9th Cir. 1978). But the Court must not order payment if the movant did not make a good

21  faith attempt to confer, nondisclosure was substantially justified, or other circumstances make an

22  award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

23

24

ORDER ON MOTION TO COMPEL - 66

1         Here, the Motion to Compel is granted in part and denied in part. The Court declined to

2    compel Defendants to respond to all discovery requests and declined to compel Defendants to

3    produce all of the disputed documents. Further, the nondisclosures were substantially justified.

4    Therefore, Plaintiffs' request for sanctions is **DENIED**.

5    **V.    CONCLUSION**

6         Based on the foregoing discussion, the Motion to Compel (Dkt. 62) is **GRANTED IN**

7    **PART** and **DENIED IN PART**. Plaintiffs' Motion to Strike (Dkt. 80) is **DENIED**. Plaintiffs'

8    request for sanctions (Dkt. 62 at 6–7) is **DENIED**.

9         Dated this 30th day of June, 2023.

Grady J. Leupold
United States Magistrate Judge