UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS ADAMSON, *et al.*,<br><br>                  Plaintiff,<br>    v.<br><br>PIERCE COUNTY, *et al.*,<br><br>                  Defendants. | CASE NO. 3:21-cv-05592-TMC<br><br>ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

       This matter comes before the Court on Defendants' Motion for Protective Order, Dkt. 101, in which Defendants request that the Court limit the scope of various 30(b)(6) deposition topics. The Court has considered the papers filed in support of and opposition to the Motion. Having reviewed the relevant record, and finding oral argument unnecessary, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

## I.    BACKGROUND

       The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. This case arises out of an investigation by the Pierce County Prosecutor's Office in 2020 and shutdowns of the Pierce County Sheriff's Department's

Special Investigation Unit ("SIU")—a unit dedicated to investigating narcotics and enforcing anti-vice laws in Pierce County. Dkt. 1-2 at 5.[1] Plaintiffs, nine Pierce County Sheriff's Department deputies, were assigned to the SIU and subsequently included on the Pierce County Prosecuting Attorney's Office ("PCPAO") *Brady*/Potential Impeachment Evidence ("PIE") list. *Id*. at 5–10. Defendants are former Sheriff Paul Pastor, Undersheriff and Acting Sheriff Brent Bomkamp, and Pierce County, as a government entity operating through its officials and employees. *Id.* at 10–11.

In the Complaint, Plaintiffs assert several claims based on Defendants' involvement with their placement on the PCPAO's *Brady*/PIE list, including 42 U.S.C. § 1983 Free Speech and Redress violations, and state claims of Defamation/False Light, Outrage, Negligent Infliction of Emotional Distress, and Breach of Contract. *See id*. More specifically, Plaintiffs allege:

> In an official capacity, Pierce County's officials fabricated allegations [against Plaintiffs] then recorded them in documents to publish as so called '*Brady*' material. [Defendants] instigated multiple unfounded investigations, targeted plaintiffs with heightened scrutiny, and published disparaging unwarranted criticisms during the Sheriff's election cycle to influence the election, and to deter plaintiffs and others similarly situated from exercising with protected rights.

*Id.* at 5.

On May 25, 2022, Chief Judge David G. Estudillo entered an Order granting in part and denying in part a Motion to Dismiss filed by Defendants. Dkt. 24. The claims related directly to the *Brady*/PIE list were dismissed, and several Defendants were dismissed on immunity grounds. *Id.* Since then, the parties have been engaged in further discovery, and Plaintiffs have filed two motions to compel discovery. The first, regarding 11 interrogatories and 66 requests for production ("RFP"), was denied in part and granted in part on June 30, 2023. Dkt. 84. In its

---

[1] Plaintiffs initially filed suit in Thurston County Superior Court, at Complaint No. 21-2-01294-34, and in August 2021, the case was removed to this Court. *See* Dkt. 1.

Order, this Court noted the "seemingly contentious relationship between counsel during discovery," and denied the bulk of requests without prejudice because of Plaintiffs' failure to explain what documents they believed to be missing. Dkt. 84 at 7. Plaintiffs filed a second Motion to Compel regarding many of these same topics on September 5, 2023. Dkt. 86. The Court conducted a telephonic conference with the parties on October 17, 2023, and issued an Order the same day, denying without prejudice Plaintiffs' second Motion to Compel, extending the discovery deadline, and directing the parties to confer and file a joint status report regarding outstanding discovery requests by November 17, 2023. Dkt. 98.

On September 13, 2023, Plaintiffs served notice of a Fed. R. Civ. P. 30(b)(6) deposition on Defendant Pierce County, to take place on September 27, 2023. *See* Dkt. 102-1. The notice contained a list of definitions in "Exhibit A" and a list of requested 30(b)(6) topics in "Exhibit B." *See id.* at 4–9. Defendants submitted a list of objections to the definitions and topics on September 25, 2023, further sta that Defendants would not produce a corporate deponent on September 27, 2023. *See* Dkt. 102-2. The parties conferred about these issues on September 26, 2023. *See* Dkt. 102-3. Plaintiffs submitted a revised 30(b)(6) notice on October 16, 2023. *See* Dkt. 102-4. Defendants submitted their objections to the revised topics on October 18, 2023. *See* Dkt. 102-5.

Defendants filed the present Motion on October 19, 2023, arguing that the revised 30(b)(6) notice "remains overly broad and excessive" and "the number of topics is excessive and still make[s] it difficult or impractical to identify a witness and prepare the witness for deposition." Dkt. 101. Plaintiffs filed their Response on October 25, 2023. Dkt. 103. Defendants filed their Reply on October 27, 2023. Dkt. 106.

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 3

## II. DISCUSSION

"The Court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [. . .] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-CV-05536-RJB, 2019 WL 5227332, at *2 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

District courts have significant discretion in controlling discovery. *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, No. MC23-56RSL, 2023 WL 5533575, at *4 (W.D. Wash. Aug. 28, 2023) (citing Fed. R. Civ. P. 26(b)(1)); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Likewise, district courts have broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Defendants filed the present Motion as to all but one of the remaining topics of Plaintiffs' revised 30(b)(6) notice. Dkt. 101; Dkt. 107. In the Motion, Defendants argue that Plaintiffs failed to promptly confer with Defendants about the noticed topics, and that the revised definitions and topics remain broad, vague, argumentative, and seek privileged communications. Dkt. 101 at 2–4. Plaintiffs blame Defendants for the delayed meet and confer and argue that they have sufficiently narrowed and defined their topics. Dkt. 104 at 2–3.

### A. Meet and Confer Requirements

Relevant here are two separate provisions in the Civil Rules requiring the parties to meet and confer regarding issues in the present Motion.

First, Defendants argue that Plaintiffs failed to comply with the 2020 amendment to Rule 30(b)(6), which requires that, "before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Dkt. 101 at 6; Fed. R. Civ. P. 30(b)(6). Plaintiffs counter that the delayed meet and confer was caused by Defendants' failure to object to the original 30(b)(6) notice until nearly two weeks after Plaintiffs issued it. Dkt. 104 at 3.

The facts here cut against both parties. Plaintiffs did not send Defendants their proposed 30(b)(6) topics before issuing the original notice on September 13, 2023. Plaintiffs did not follow up with Defendants as to any response, beyond a brief mention of the deposition during the parties' conference concerning document productions. Dkt. 94-2 at 27. For two weeks, and despite a history of contentious discovery disputes in this case, Plaintiffs assumed that Defendants did not object to the topics and would produce a witness on the noticed date of September 27, 2023. *See* Dkt. 104 at 4 ("Plaintiffs' counsel presumed there were no objections based on the absence of any objections."). On the other hand, Defendants did not provide any objections or attempt to schedule any conference until two days before the noticed deposition date and argue that Plaintiffs "took no action to confer." Dkt. 101 at 2, 6.

The parties share a burden to meet and confer regarding the matters at issue in a 30(b)(6) deposition. Failure of one party to respond does not absolve the other of its duty to do so. Noncompliance with this requirement results in unnecessary delay and expenditure of judicial resources. Counsel for both parties are, therefore, reminded: "that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way [. . .] [e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 5

proportional use of procedure." Fed. R. Civ. P. 1 Advisory Committee Notes (2015 Amendments).

Second, Rule 26(c)(1) provides, in part, that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Defendants' counsel submitted a declaration in support of their Motion, identifying and attaching the transcript from the parties' conference on September 26, 2023. Dkt. 102 at 2; Dkt. 102-3. The Court has reviewed the transcript and finds that the instant Motion satisfies the meet and confer requirement of Rule 26(c)(1). Dkt. 102-3.

**B.  Disputed Topics**

Defendants maintain objections to all but one of the twenty-five (25) topics in the revised 30(b)(6) notice. Dkt. 102-4; Dkt. 103 at 15; Dkt. 106 at 5.

Under Fed. R. Civ. P. 30(b)(6), "a party may serve notice on an organization that describes 'with reasonable particularity the matters on which examination is requested.'" *Boyer v. Reed Smith, LLP*, No. C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013). The designated person must testify "'to the matters known or reasonably available to the organization.'" *Id*. (citing Fed. R. Civ. P. 30(b)(6)).

"[O]nce the witness satisfies the minimum standard for serving as a designated witness, the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, 2019 WL 5227332, at *2 (W.D. Wash. Oct. 16, 2019), (internal quotation marks omitted) (cleaned up) (citing *Detoy v. City and Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *see also EEOC v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev.

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 6

2006)). Even if relevant, however, a Rule 30(b)(6) notice may only ask about topics that are proportional to the needs of the case and that describe the topics for examination with a reasonable degree of particularity. *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018). When it comes to proportionality, courts consider six factors, including the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

And while Rule 26 is to be construed liberally, including to permit discovery of information outside the pleadings, courts must limit the frequency or extent of discovery otherwise allowed if they determine that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

In addition, Rule 30(b)(6) witnesses are not required to provide expert testimony, but "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Courts have also disallowed Rule 30(b)(6) testimony where the information sought is more properly within the purview of percipient or expert witness testimony. *See DarbeeVision, Inc. v. C&A Mktg., Inc.*, No. CV 18-0725 AG (SSX), 2019 WL 2902697, at *7 (C.D. Cal. Jan. 28, 2019) (disallowing 30(b)(6) deposition about the factual bases of allegations in plaintiff's complaint where plaintiff had already submitted expert reports on the matter and "the underlying factual information ha[d] already been disclosed") (citing *Sierra Club, et al. v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *3 (W.D. Wash. Aug. 30, 2016).

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 7

1.    **Topics 1, 2, 3, and 17, and 25 – Grounds for Discipline of Plaintiffs**

Plaintiffs seek testimony from Pierce County regarding any misconduct, dishonest statements, policy violations, and complaints or criticisms of Plaintiffs that Pierce County relied upon in disciplining or taking adverse action against Plaintiffs. Dkt. 103 at 9–12, 20. Defendants counter that these topics are broad, vague, unduly burdensome, oppressive, and assume facts or admissions by Defendants. Dkt. 101 at 2-5; Dkt. 106 at 4–5. This Court disagrees.

Plaintiffs allege that Pierce County made false and misleading statements about them in explaining why the SIU was disbanded. Dkt. 24 at 23 (citing Dkt. 1-2 at 60). Success of this claim hinges on whether Pierce County's statements were supported by evidence of misconduct by Plaintiffs, such that its statements were not false or misleading. To the extent that any terms used by Plaintiffs in these Topics were vague or confusing, Plaintiffs sufficiently clarified their intended meaning in their Response. Dkt. 103 at 9–12, 20. While Defendants correctly point out that Plaintiffs have not identified any specific false statement (Topic 2) or breach of policy (Topic 3), Dkt. 106 at 4, Plaintiffs' goal is clearly to identify whether evidence of such misconduct exists. That Plaintiffs have not yet discovered what they seek is not a valid reason to grant a protective order against these topics.

Defendants also argue that Topics 1 and 3 would have been better directed towards Defendants Pastor or Bomkamp. Dkt. 106 at 4; *see* Fed. R. Civ. P. 26(b)(2)(C)(i) (authorizing Court to order discovery by means that are "more convenient, less burdensome, or less expensive"). But a 30(b)(6) deponent would be required to review and investigate whether such facts exist and testify on behalf of Pierce County. This deponent could not avoid questions due to a lack of personal knowledge or forgetfulness, as Plaintiffs assert that Defendants Pastor and Bomkamp did. Dkt. 103 at 10. *See Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015

WL 12746225, at *5 (C.D. Cal. Apr. 22, 2015) ("[T]he fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject") (internal quotations omitted).

The Court **DENIES** Defendants' request for a protective order with respect to Topics 1, 2, 3, 17, and 25.

**2.      Topics 4, 5, 6, 7 – Discovery on Discovery**

Plaintiffs seek testimony about Pierce County's search for records responsive to discovery requests (Topic 4), an alleged destruction of text communications beginning in 2019 (Topic 5), text communications and text message policies generally (Topic 6), and Defendants' responses to certain interrogatories and RFPs (Topic 7).

Generally, "discovery on discovery" is disfavored and, to be both relevant and proportional to the needs of the case, a party seeking it "must show a specific deficiency in the other party's production." *Brewer v. BNSF Railway Co.*, No. CV-14-65-GF-BMM-JTJ, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) (citing The Sedona Conference Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process, at 118 (Sept. 2016)); *see also Ashcraft v. Experian Info. Sols., Inc.*, No. 216-CV-02978-JAD-NJK, 2018 WL 6171772, at *1 (D. Nev. Nov. 26, 2018), *aff'd sub nom. Ashcraft v. Welk Resort Grp., Corp.*, No. 216-CV-02978-JAD-NJK, 2021 WL 3017512 (D. Nev. Mar. 24, 2021) ("Discovery into another party's discovery process is disfavored."); *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019)).

Plaintiffs appear to have identified a gap in text records beginning in 2019. Dkt. 103 at 14. Plaintiffs previously raised this issue in their First and Second Motions to Compel. *See* Dkt. 83 at 26–27; Dkt. 86 at 5; Dkt. 91 at 18. Although Defendants state that "Plaintiffs' attorney

already has information related to this topic," Dkt. 106 at 5 (citing Dkt. 74 at 4), it is unclear how this information explains the alleged gap in productions. Thus, Plaintiffs have established an adequate factual basis to allow limited meta-discovery regarding text messages and text messaging policies after 2019. The Court **GRANTS IN PART** Defendants' request for a protective order with respect to Topics 5 and 6.

Topics 5 and 6 are modified as follows: Plaintiffs may inquire as to Pierce County's retention and preservation of text messages after 2019, including how Pierce County retains and preserves text messages; the ability of Pierce County employees to delete text messages from work phones; any restrictions implemented by Pierce County or imposed upon Pierce County employees to restrict their ability to delete text messages; and whether any metadata exists which provides information about deleted text messages, and what information this metadata provides.

The Court **GRANTS** Defendants' request for a protective order with respect to Topics 4 and 7. These topics are impermissibly broad meta-discovery. *Vantage Mobility Int'l, LLC v. Kersey Mobility*, LLC, No. CV-19-04684-JJT, 2021 WL 148651 at *4-5 (D. Ariz. Jan. 15, 2021) (holding Rule 30(b)(6) topic overbroad where it concerned responses to all previous discovery requests).

**3.      Topic 9 – Answer to Complaint**

Contention interrogatories are sometimes a more appropriate discovery vehicle than a Rule 30(b)(6) deposition where a party seeks to use a 30(b)(6) deposition to explore the facts underlying the legal claims and theories asserted by the opposing party. *Stemcell Techs. Canada Inc. v. StemExpress, LLC*, No. 21-CV-01594-VC (LB), 2022 WL 2132930, at *2 (N.D. Cal. June 14, 2022) (internal quotations omitted).

The Court **GRANTS** Defendants' request for a protective order on Topic 9. The Court finds that this topic is better suited by service of contention interrogatories. Defendants may assert objections, as appropriate, based upon privilege grounds.

### 4.     Topic 20 – Damages

Topic 20 seeks information about Pierce County's damage calculations. Dkt. 103 at 22. Defendants argue that these questions are better suited for Defendants' damages expert. Dkt. 101 at 4. Plaintiffs counter that the questions are instead directed at the factual bases for the damage calculations, including Plaintiffs' compensation and overtime. Dkt. 103 at 22; *see MP NexLevel, LLC v. Codale Elec. Supply, Inc.*, No. 2:08-CV-727-CW-PMW, 2012 WL 2368138, at *3 (D. Utah June 21, 2012) (because expert witnesses are called to offer an opinion based on facts provided, "an expert witness is not suited to testify as to facts known to an organization and is not a substitute for the testimony of a Rule 30(b)(6) corporate representative.").

Much of Topic 20 is disproportionate to the needs of the case or more appropriate for expert testimony ("the economic loss calculations by Pierce County") or interrogatories and RFPs ("the value of overtime to each plaintiff and the effect of loss of overtime on plaintiffs' income and benefits, how much overtime any plaintiff had historically"). Dkt. 103 at 22. However, testimony regarding changes to Pierce County's overtime policies is appropriate for a 30(b)(6) deposition.

The Court **GRANTS IN PART** Defendants' request for a protective order on Topic 20. Plaintiffs may inquire about changes to Pierce County's overtime policies and procedures since 2019.

//

//

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 11

### 5. Topic 13 – Employee Communications with Other Counties

Topic 13 seeks "All communications by any of your employees with Clark County and Kitsap County investigators or officials investigating allegations at your request involving any plaintiffs since 2019." Dkt. 103 at 17.

The Court finds that this topic is overly broad and better directed at percipient witnesses. *Jones v. Hernandez*, Case No. 16-cv-1986-W(WVG), 2018 WL 539082, at *2 (S.D. Cal. Jan. 18, 2018) (granting protective order where Rule 30(b)(6) deponent would be required to interview and learn about nuanced factual events in which he was not involved); *objections overruled by* 2018 WL 1981207, at *3 (Apr. 27, 2018) ("When percipient witnesses are available to testify, it is unduly burdensome to expect the entity to interview them and then bind itself to any mistakes made in relaying their testimony secondhand through a 30(b)(6) deponent.").

The Court **GRANTS** Defendants' request for a protective order on Topic 13.

### 6. Remaining Topics

Topics 14, 15, 16, 18, 19, 21, 22, 23, and 24 each seek information that is relevant and proportional to the needs of the case. The Court **DENIES** Defendants' request for a protective order on these topics.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion (Dkt. 101) is **GRANTED** with respect to 30(b)(6) Topics 4, 7, 9 and 13; **GRANTED IN PART** with respect to Topics 5, 6, and 20; and **DENIED** with respect to all other Topics.

//

//

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 12

Dated this 3rd day of November, 2023.

                                              Grady J. Leupold
                                              United States Magistrate Judge