THE HONORABLE TIFFANY M. CARTWRIGHT
U.S. MAGISTRATE JUDGE GRADY J. LEUPOLD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS ADAMSON, an individual; JASON BRAY, an individual; LUCAS COLE, an individual; SHAUN DARBY, an individual; CYNTHIA FAJARDO, an individual; JAMES MAAS, an individual; DARRIN RAYNER, an individual; ELIZABETH REIGLE, an individual; RYAN OLIVAREZ, an individual,<br><br>                              Plaintiffs,<br><br>vs.<br><br>PIERCE COUNTY, a local government; PIERCE COUNTY DEPUTY PROSECUTING ATTORNEYS JAMES SCHACHT AND FRED WIST, officially and individually; SHERIFF PAUL PASTOR, officially and individually; and ACTING SHERIFF AND UNDERSHERIFF BRENT BOMKAMP, officially and individually,<br><br>                              Defendants. | NO.  3:21-cv-05592 - TMC<br><br>Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER |

1. <u>PURPOSE</u>

In order to facilitate speedy and efficient conclusion of discovery, the production of privileged or work-product protected documents, electronically stored information ("ESI") or other information in materials identified in paragraph 2 below, whether inadvertent or otherwise,

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 1
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1  is not a waiver of the privilege or protection from discovery in this case or in any other federal or

2  state proceeding. This Order shall be interpreted to provide the maximum protection allowed by

3  Federal Rule of Evidence 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

4        Accordingly, the parties hereby stipulate to and petition the court to enter the following

5  Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR

6  26(c). It does not apply to or confer blanket protection on all disclosures or responses to

7  discovery, the protection it affords from public disclosure and use extends only to the limited

8  information or items that are entitled to confidential and privileged treatment under the

9  applicable legal principles, and it does not presumptively entitle parties to file confidential and

10 privileged information under seal.

2. **MATERIALS PRODUCED RELATED TO PLT. CYNTHIA FAJARDO'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION AS FOLLOWS**

- **REQUEST FOR PRODUCTION NO 4**: ADAMSON DEF PC 1563634-1563636
- **REQUEST FOR PRODUCTION NO. 5**: ADAMSON DEF PC 1569493-1571561 -
- **REQUEST FOR PRODUCTION NO. 6**: ADAMSON DEF PC 1571562-1571567; ADAMSON DEF PC 1571570-1571610 ADAMSON DEF PC 1571625-1571642; ADAMSON DEF PC 1571647-1571838; ADAMSON DEF PC 1571840-1571841; ADAMSON DEF PC 1571843-1572100
- **REQUEST FOR PRODUCTION NO 8**: ADAMSON DEF PC 1572101-1572120; ADAMSON DEF PC 1572128-1572138; ADAMSON DEF PC 1572140; ADAMSON DEF PC 1572141-1577483; ADAMSON DEF PC 1577485-1577502; ADAMSON DEF PC 1577504-1577505; ADAMSON DEF PC 1577507-1578725
- **REQUEST FOR PRODUCTION NO. 9**: ADAMSON DEF PC 1578726-1587180
- **REQUEST FOR PRODUCTION NO. 19**: 200K DOCUMENTS
- **REQUEST FOR PRODUCTION NO. 28**: KAWYNE LUND FILES & NOTES ADAMSON DEF PC 421941-422691
- **PROSECUTOR FILE OR "PFILE" FOR CORONEL BENITEZ CASE, CAUSE NO. 20-1-01014-8**.

3. SCOPE

The protections conferred by this agreement cover not only the materials (as identified above), but also (1) any information copied or extracted from the materials; (2) all copies,

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 2
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main: (253) 798-6732 / Fax: (253) 798-6713

excerpts, summaries, or compilations; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal the materials.

4. ACCESS TO MATERIALS

    4.1    Privileged or work-product protected material may be disclosed only to the categories of persons and under the conditions described in this agreement. Privileged or work-product protected documents must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential and privileged material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    Shawn Darby, Cynthia Fajardo, Elizabeth Reigle;

        (c)    the court, court personnel, and court reporters and their staff;

        (d)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.3    Before filing confidential, privileged or work-product protected documents or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the privilege designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 3
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main: (253) 798-6732 / Fax: (253) 798-6713

that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  CHALLENGING CONFIDENTIAL AND PRIVILEGE DESIGNATIONS

5.1  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's privilege designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2  The parties must make every attempt to resolve any dispute regarding privileged designations without court involvement. Any motion regarding privileged designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

5.3  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 4
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main: (253) 798-6732 / Fax: (253) 798-6713

in question as confidential until the court rules on the challenge.

6. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as privileged, that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed privileged material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>NON TERMINATION AND RETURN OF DOCUMENT</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 5
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main:  (253) 798-6732 / Fax:  (253) 798-6713

documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 22, 2023          III BRANCHES LAW, PLLC

s/ JOAN K. MELL (*approved to add e-signature*)
JOAN K. MELL / WSBA #21319
Attorney for Plaintiffs

DATED: December 22, 2023          MARY E. ROBNETT
Prosecuting Attorney

s/ FRANK CORNELIUS
FRANK CORNELIUS, WSBA # 29590
Pierce County Prosecutor / Civil
930 Tacoma Avenue South, Suite 946
Tacoma, WA  98402-2102
Ph: 253-798-6514 / Fax: 253-798-6713
frank.cornelius@piercecountywa.gov

PURSUANT TO STIPULATION, IT IS SO ORDERED that pursuant to Fed. R. Evid. 502(d), the production of the documents, electronically stored information (ESI) or information in materials identified in paragraph 2 above, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 6
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main:  (253) 798-6732 / Fax:  (253) 798-6713

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: December 26, 2023

*[signature]*
Tiffany M. Cartwright
United States District Court Judge

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 7
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main:  (253) 798-6732 / Fax:  (253) 798-6713

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of **Adamson et al v Pierce County et al**, Fed. Dist. Ct. Case No. 3:21- cv-05592. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

Fed. R. Civ. P. 502(d) STIPULATED PROTECTIVE ORDER - 8
12.22.23 PROPOSED Stipulated Protective Order (003)
USDC WAWD No. 3:21-cv-05592

Pierce County Prosecuting Attorney/Civil Division
930 Tacoma Avenue South, Suite 946
Tacoma, Washington 98402-2102
Main: (253) 798-6732 / Fax: (253) 798-6713