UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS ADAMSON, et al.,<br><br>                 Plaintiffs,<br><br>   v.<br><br>PIERCE COUNTY, et al.,<br><br>                 Defendants. | Case No. 3:21-cv-05592-TMC<br><br>ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

## I.    INTRODUCTION

Before the Court is Defendants' Motion for Protective Order, Dkt. 145, which asks the Court to prohibit use in this litigation of certain calendar entries and notes by former Pierce County Chief Criminal Deputy Prosecuting Attorney James Schacht. As the motion acknowledges, *see id.* at 2, and as discussed by the parties on the record at a hearing on May 2, 2024, the Defendants produced Schacht's calendar entries under an agreed protective order (commonly known as a clawback agreement) that facilitated the production of the documents to Plaintiffs without regard for privilege but allowed Defendants to continue to assert work-product or attorney-client privileges that would prevent the disclosure or use of the documents in this litigation. As explained further below, the Court GRANTS Defendants' motion in part and DENIES it in part.

## II. BACKGROUND

At a hearing on May 2, 2024, the Court granted Plaintiffs' motion to review all of the calendar entries in camera to determine whether Defendants' work-product objections to some of the documents had been impliedly waived because (1) Defendants had already voluntarily waived the privilege with the respect to some calendar entries, and that waiver should extend to all of them; and (2) the attorney mental impressions are directly at issue in the current litigation and the need for the material is compelling. Dkt. 203, 204; *see Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Specifically, Plaintiffs argue that (1) Schacht's calendar entries relate directly to the timing and substance of his investigation into alleged misconduct by the Pierce County Sheriff's Department Special Investigation Unit (of which Plaintiffs were members and the shutdown of which led to this litigation), and (2) Defendants have placed Schacht's mental impressions on that topic directly at issue by relying on portions of his mental impressions in their summary judgment motion. *See* Dkt. 135 (Schacht Declaration in support of Defendants' summary judgment motion). Defendants explained their position at the hearing that they have voluntarily waived the privilege with respect to calendar entries arising from two criminal prosecutions that they agree are directly at issue in this litigation, but they were asserting the privilege over calendar entries that discussed other criminal prosecutions or charging decisions.

Plaintiffs' counsel provided the Court with hard copies of the calendar entries compiled as Exhibit 1 to the deposition of Mr. Schacht that occurred on February 5, 2024. At the Court's request, counsel for Defendants provided the Court with a list of the bates numbers within that exhibit for which Defendants continued to assert the work-product privilege. For the sake of a clear record, the Court reproduces that list here.

ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

| **Exhibit 1 to Schacht Deposition on February 5, 2024** ||
|---|---|
| Bates Ranges to Which Defendants Maintain Privilege Objections | - 3107226 – 7227<br>- 3107234 – 7235<br>- 3107260<br>- 3107278 (additional objections based on privacy of third-party employee)<br>- 3107291<br>- 3107293<br>- 3107298<br>- 3107311 – 7316<br>- 3107317<br>- 3107321 – 7223<br>- 3107324 (partial objection to specific portions)<br>- 3107338 – 7339<br>- 3107344 –7345<br>- 3107347 – 7350<br>- 3107356<br>- 3107358 – 7359<br>- 3107362<br>- 3107366 – 7380 |

### III.  DISCUSSION

Having reviewed the documents in camera, the Court makes the following rulings:

1. The calendar entries at bates range 3107234–3107235 and 3107366 do not contain mental impressions that are directly at issue in this litigation. Defendant's motion for a protective order is GRANTED with respect to these documents.

2. The calendar entry at bates number 3107278 contains notes of a performance plan discussion with another attorney in the Pierce County Prosecuting Attorney's Office arising from that attorney's interaction with one of the Plaintiffs regarding a criminal prosecution that Defendants agree is at issue in this litigation. The Court finds (1) that Defendants' work-product privilege is waived because the contents of the document relate to mental impressions of Schacht that Defendants have relied on in the litigation; and (2) Defendants' employee privacy concerns may be addressed through redacting the names of the third-party employees. Defendant's motion for a protective order is therefore GRANTED IN PART and DENIED IN PART for this document. Defendants shall produce to Plaintiffs a redacted version of this document no later than Friday, May 10, 2024.

3. Defendants object to use of the calendar entry at bates number 3107324 only to the extent it mentions officers from other agencies and the name of a third-party inmate. The Court GRANTS Defendants' motion with respect to this document. Defendants shall produce to Plaintiffs a redacted version of this document no later than Friday, May 10, 2024.

4. The remaining calendar entries to which Defendants object all include at least short mention of the SIU investigation that is at issue in this litigation and relate to Schacht's mental impressions regarding that investigation. Because Defendants have relied on portions of Schacht's mental impressions in their summary judgment motion, Plaintiffs have a compelling need to be able to use these

materials in challenging Defendants' arguments. The Court therefore finds that the work-product privilege over discussion of the SIU investigation in these documents is waived. Defendants' concerns regarding the identities of third-party criminal suspects, law enforcement officers, and unrelated investigations may be addressed through redaction. Defendants' motion for a protective order is therefore GRANTED IN PART and DENIED IN PART with respect to the remaining documents. Defendants shall produce to Plaintiffs redacted versions of these documents no later than Friday, May 10, 2024.

The Court reminds the parties that these rulings are concerned solely with Defendants' work-product objections that would prevent the Plaintiffs from using these documents in any way in this litigation. The Court has not made any determination as to whether these documents will be admissible at trial.

## IV.   CONCLUSION

Defendants' motion for a protective order (Dkt. 145) is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 6th day of May, 2024.

Tiffany M. Cartwright
United States District Judge