UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS ADAMSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PIERCE COUNTY, et al., <br><br> Defendants. | Case No. 3:21-cv-05592-TMC <br><br> ORDER ON IN CAMERA REVIEW AND SUPPLEMENTAL BRIEFING |

## I.     ORDER

This matter comes before the Court on its own motion. Following a hearing on May 2, 2024, the Court ordered Defendants to provide to the Court for in camera review "(1) the documents listed in Defendants' privilege log and (2) an unredacted version of the email from Jim Schacht to Brent Bomkamp on March 19, 2020 that appears at Dkt. 138-28." Dkt. 203 at 2.

Defendants provided the Court with the requested documents on May 7, 2024, and the Court conducted the in camera review the same day. The Court makes the following findings as a result of the in camera review:

1. All the communications described on the privilege log are protected by the attorney-client or work-product privilege and are not required to be produced in discovery.

ORDER ON IN CAMERA REVIEW AND SUPPLEMENTAL BRIEFING - 1

2. Some of the communications included attachments (or forwarded emails) that are not privileged. For example, some communications related to Plaintiff Reigle's ULP Mediation include a forwarded email written by Plaintiff Reigle to Ed Troyer; other communications attached copies of Plaintiffs' tort claims or the complaint filed in this case. It is unclear from the materials provided to the Court whether these particular copies of the attachments or forwarded emails were produced in discovery (ideally, email threads with a mix of privileged and non-privileged communications should be produced in redacted form, even if duplicative). Based on the Court's review, however, these appear to be documents that have been exchanged repeatedly in the litigation and in many instances were authored or submitted to Defendants by Plaintiffs themselves. Nothing the Court reviewed suggested that nonprivileged documents have been withheld improperly. Nonetheless, the Court asks Defendants to file a certification that all nonprivileged attachments or emails contained within the threads described on the privilege log have been produced.

3. The March 19, 2020 email from Jim Schacht to Brent Bomkamp relates to Mr. Schacht's mental impressions that have already been placed at issue in this case (*see* Dkt. 206). This document should have been produced in discovery and any work-product privilege is waived for the purpose of this litigation. Defense counsel represented to the Court in the cover letter with the materials submitted for in camera review that this email has now been produced to Plaintiffs. The Court declines to impose sanctions for the delayed production of this document.

4. The Court previously ordered that it would allow supplemental briefing on Defendants' pending Motion for Summary Judgment (Dkt. 185) from both parties

with respect to "(1) evidence cited by Plaintiffs in their response to the Motion for Summary Judgment to which Defendants have objected as untimely disclosed, and whether any delays in disclosure were substantially justified and/or harmless under Federal Rule of Civil Procedure 37(c)(1), and (2) the effect of any documents produced through the in camera review on the claims at issue in the Motion for Summary Judgment." Dkt. 203 at 2. Plaintiffs' supplemental brief shall be filed no later than Tuesday, May 14, and shall not exceed 4,200 words. Defendants' supplemental brief shall be filed no later than Tuesday, May 21, and shall not exceed 4,200 words.

IT IS SO ORDERED.

Dated this 8th day of May, 2024.

Tiffany M. Cartwright
United States District Judge